### LOCKRIDGE *vs.* LYON.

That a judgment is a nullity by reason of having been rendered against a defendant after his death, or rendered on two verdicts, one in favor of the plaintiff, the other for the defendant, does not require the interposition of a court of equity by injunction; if such be the facts, they can be taken advantage of by affidavit of illegality or motion to set aside the judgment.

Injunction. Equity. Judgments. Parties. Before Judge FAIN. Bartow Superior Court. November Adjourned Term, 1881.

Reported in the decision.

M. R. STANSELL, for plaintiff in error.

R. B. TRIPPE; J. M. NEAL, for defendant.

JACKSON, Chief Justice.

The allegations in this bill make a case where it is charged that the judgment sought to be enjoined is void, because it was rendered when the complainant's testator was not a party, being dead, and because there are two verdicts on which it appears to have been rendered, one for plaintiff, and the other for defendant.

If either be well founded in fact and law, the remedy at law, whenever the threat to levy on testator's property is carried into execution, is adequate and complete, and

there is no necessity for the interposition of equity by injunction. ' An affidavit of illegality will make the points just as fully and clearly, and the relief of a court of law will be just as effectual.

Or, without and before levy, a motion to set aside the judgment for the reasons set out in the bill will present the issues, and settle all rights as well. The injunction, therefore, was properly refused, and it becomes unnecessary to look for other grounds on which to affirm the judgment which denied the writ of injunction.

Judgment affirmed.