LAMAR *et al. vs.* KNOTT *et al.*

[Jackson, C. J., did not preside, on account of providential cause.]

1. A judgment in ejectment is conclusive as to the title between the parties thereto, unless the jury find for the plaintiff less than the fee. In this case, the identical title now involved having been passed on in an ejectment case, a subsequent bill filed to enforce the rights of the plaintiff, which alleged all the former proceedings and other immaterial facts, was without equity, and was properly dismissed on demurrer. Code, §3362.
2. The matter involved in this case is *res adjudicata* between the parties. Where plaintiffs were not ignorant of the facts now relied on when the case was formerly before the court, but failed to make use of them, and were not prevented from doing so by accident or mistake, or by the fraud or act of their adversaries, a court of equity will not relieve them from a judgment which could have been prevented with proper diligence on their part.
Judgment affirmed.

October 2, 1884.

HALL, Justice.

[Andrew Lamar *et al.* filed their bill against McVey *et al.*, alleging, in brief, as follows: A certain lot of land was granted by the state to one James De Lay in 1837, and by him was conveyed to one Hancock, between 1837 and 1839, and by regular chain of title passed from Hancock to John B. Lamar, of whom complainants are the sole heirs. The deed from De Lay to Hancock was lost or destroyed. In 1866 (the copy deed in the record says 1856), complainants obtained from the heirs of De Lay,

he having died, a deed reciting the facts and conveying the land by quit-claim to complainants. In 1866, one Turner took possession of the land and McVey was his tenant. The chain of title under which Turner claimed, purporting to come from De Lay after his death, was forged. In 1869, complainants brought ejectment against McVey and Turner and Knott, the vendee of the second named, but McVey alone was served. On the trial, the court held that the recitals in the deed from the De Lay heirs· were not evidence against defendants, · and did not carry the date of the title back to 1837, but operated as a conveyance only from its date, prescription having begun to run before the deed of complainants from the De Lays, and was not suspended thereby, although complainants were minors. A verdict was rendered for defendant in ejectment. The object of the present bill was to establish the lost deed and set up their title thereunder  On demurrer, the chancellor dismissed the bill, and complainants excepted.

The ejectment case will be found reported in 48 *Ga.*, 330.]