MARTIN v. THE SCHOOL DISTRICT OF LAURENS.

1. SCHOOL TAX—SCHOOL DISTRICT—ESTOPPEL—LAURENS.—A taxpayer
of a school district being present and participating in a meeting to
levy a school tax, is estopped from afterwards questioning the regu-
larity of the proceedings.

2. SCHOOL DISTRICTS—GRADED SCHOOLS—CONSTITUTION.—Provisions of
art. XI. of Con. of 1895 do not repeal the laws applying to the
special school districts and graded schools in this State.

3. IBID.—LAURENS—CONSTITUTION.—Acts (19 Stat., 1050, 20 Stat., 935,
1410), creating the school district of Laurens, are not in contraven-
tion of arts. I. and XIV. of Con. of U. S.

4. ELECTIONS—VOTING—CONSTITUTION—VIVA VOCE—SCHOOL TAX.—
Voting for a school tax in a special school district *viva voce* is not
in violation of the constitutional provisions as to elections.

Petition for injunction by Benj. E. Martin against the

School District of Laurens, its trustees, and the auditor and treasurer of Laurens County.

*Mr. N. B. Dial,* for petitioner.

*Messrs. Ball, Simpkins & Ball, Irby & Babb, W. R. Richey, H. Y. Simpson* and *F. P. McGowan,* contra.

March 30, 1900.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   This is an action in the original jurisdiction of this Court, wherein the petitioner seeks a perpetual injunction against the defendants above named to prevent the levy and collection of a tax upon the personal and real property, situate and being within the corporate limits of the town of Laurens, for the support and maintenance of public schools within said school district.   In support of his application, the petitioner alleges that on the 23d day of December, in the year 1887, the legislature of the State of South Carolina passed an act, which was duly approved by the governor, whereby the area within the town of Laurens was created a body politic and corporate under the name of the School District of Laurens, for the purpose of maintaining public schools in said town of Laurens; that said the School district of Laurens should be governed by a board of trustees; that in addition to the capitation tax upon the citizens of said town, and also of the two mill tax upon all property of said district, under the power of the Constitution of 1868, there might be levied a tax of two mills upon all the property, real and personal, within the corporate limits of the town of Laurens, to be levied by the auditor for Laurens County and to be collected by the treasurer of Laurens County, at the same time and in the same manner as taxes for the State and county are levied and collected, provided that twenty taxpayers should unite in a petition to the board of trustees of said the School District of Laurens for them to call a meeting on a day and place, and have certain of all the taxpayers living within the cor-

porate limits of the town of Laurens, at some time before the 30th day of June of each year, to consider what tax should be levied and collected for said school district—two weeks notice of said place, time and purpose of said meeting of taxpayers having been given in at least one newspaper published in said school district, and such notice also to be posted in two public places. Such were the provisions of the act of December 23d, 1887 (see XIX., vol. Statutes at Large, 1050). By the provisions of the act passed by the legislature of the State on the 24th December, 1890 (see XX., vol. of Statutes at Large, 935), the original act was so amended that a tax not to exceed four mills was authorized to be levied and collected from the real and personal property within the corporate limits of Laurens, to support said public schools in said town of Laurens. The act passed on the 16th December, 1891 (see XX., vol. Statutes at Large, page 1410), only amended the original act as to the number of trustees; that a petition of twenty taxpayers was addressed to the gentlemen named in the caption as school trustees to call such meeting of the taxpayers as was contemplated by the original act, and that after a notice had been published in both newspapers and posted on the east and west doors of the county court house for such meeting to be held at 11 o'clock in the morning of the 26th June, 1899, such meeting was held, being composed of about two dozen persons, who voted a tax of 2 1-4 mills for school purposes; that the proceedings of such alleged meeting were iregular, null and void, because no one was required to show or prove that he resided within the said school district, or that he owned real or personal property therein, or that he was duly registered, or that he had paid his taxes, or was of age, or was otherwise qualified to vote, and that no ballot was cast whereby said tax was attempted to be agreed upon, but that whatever was done was done *viva voce;* that petitioner alleges that a large number of persons participating in said meeting were disqualified from participating therein for the reasons enumerated in the preceding paragraphs;

that W. L. Ferguson, as auditor, has assessed said property, real and personal, within the corporate limits of the town of Laurens, and that Messers Babb is collecting said 2 1-4 mills taxes for such school district; and that the petitioner alleges that the three acts hereinbefore referred to, in regard to such school district, are unconstitutional, null and void, because in conflict with amendments of the U. S. Constitution, articles V. and XIV., and also in conflict with the following of the Constitution adopted by the State in 1868, to wit: article I., sections 14, 31, 32, 36, 37; article VIII., sections 1, 2, 8; and article X., section 5; also in conflict with the following of the Constitution adopted in the year 1895, to wit: article I., sections 5, 7, 10 and 17; also article II., sections 1, 3, 4, 12; also article VIII., sections 3, 6 and 7; and also article XVII., sections 11, and subdivisions 1 and 3.

The reply of the defendants to this *terrible* arrangement by the petitioner, alleged a full compliance with the provisions of the several acts pertaining to the School District of Laurens, as to the call by twenty taxpayers upon the board of trustees for a public meeting to consider the matter of an additional tax to support the public schools in the School District of Laurens; that such public meeting was called for 11 o'clock in the morning of 26th June, 1899, after two weeks notice of such meeting published in the two newspapers published at Laurens Court House, and also a notice of the same posted on the doors at the west and east of the county court house, located in the town of Laurens, and that the petitioner, Benjamin E. Martin, was present at such meeting, participated in the discussion as to the amount of the tax to be levied—himself moving to make the same two mills, which proposition was voted down; and that the motion to make the tax 2 1-4 mills was unanimous except his vote in the negative; and also that every person who participated in such meeting was a qualified voter of said town of Laurens, and the owner of real or personal property. That by reason of these matters, the petitioner is estopped from raising any question as to the regularity of the proceedings

of such meeting and also as to the constitutionality of such act of the General Assembly regulating such school district.

We hold that the petitioner cannot now question the regularity of the proceedings of the meeting of taxpayers of the town of Laurens, which ordered this 2 1-4 mills tax; but we would not go so far as to the constitutionality of the acts of the legislature hereinbefore named. As to this last phase of petitioner's contention, we are obliged to say that almost all that the petitioner has done to show the three acts of our General Assembly, regulating the Laurens School District, to be unconstitutional, has been a bare recital by article and section of the United States Constitution and the two State Constitutions adopted in the years 1868 and 1895, respectively, which it is contended will show the legislation in question to be invalid, because unconstitutional.

We may begin our reference to these constitutional difficulties by saying that the Constitution of 1895, by the article XI., section 5, provides: "Section 5. * * * Provided, further, That nothing in this article contained shall be construed as a repeal of the laws under which the several graded school districts of this State are organized, the present division of the counties into school districts, and the provisions of law now governing the same, shall remain until changed by the General Assembly"—very conclusively settle the questions raised by petitioner that the legislation complained of is void, because such acts contravene subdivisions of article XVII., of the Constitution of 1895, especially is this so when we consider subdivision *first* of article XVII.

The petitioner seems to aim by his citation of articles I. and XIV. of the U. S. Constitution, and of certain sections of certain articles of our State Constitution, to show that these three acts of the legislature are invalid, because they contravene the requirement in both Federal and State Constitutions, that no "person shall be deprived of life, liberty or property without due process of

9—57

law, nor shall any person be denied the equal protection of the laws." But we cannot see how the legislation as to this school district deprives the petitioner of "his property without due process of law," nor that he is thereby denied the "equal protection of the laws," for like *all other* property-holders in the town of Laurens, his property is taxed under the acts of the General Assembly of this State for the support of education. It has been repeatedly held both by the Federal and State Courts that political subdivisions may be clothed by the legislature of the State with power of taxation for certain specified purposes and within certain specified limits, without impairing the very articles of the Federal and State Constitutions here relied upon.

Again, the petitioner seeks to have these acts of the legislature declared unconstitutional because they ɑo not require the voters at the public meeting which orders the tax of 2 1-4 mills for school purposes of this particular school district to vote by ballot and not *viva voce*.

It is admitted on all hands that the General Assembly of the State might have ordered this school district to raise by taxation a specified sum to be expended for the support and maintenance of public schools within the area of the town of Laurens. By giving this authority to the tax-payers of Laurens to tax themselves within certain limits and under proper restrictions to support and maintain their public schools, and without requiring a vote by ballot therefor, does not infringe the constitutional requirements as enumerated in the sections of the Constitutions of 1868 and 1895, respectively, cited by the petitioner. It is conceded that in the selection of officers by the people, the Constitution prescribed that the vote shall be by ballot, but this requirement need not apply to the ascertainment of the will of the people in territorial subdivisions or special tax districts as to laying a tax for themselves instead of by the General Assembly. After reflecting upon the petitioner's application for the injunction as prayed for, we must decline to issue the writ.

It is ordered and adjudged, that the prayer of the petitioner be denied and his petition be dismissed.

MR. CHIEF JUSTICE MCIVER and MR. JUSTICE JONES concur in the result.