RAY *v.* PEASE, administrator, *et al.*

When a bill of exceptions in effect designates as defendants in error two persons who had died before the hearing in the trial court, and does not name as a defendant in error any living person, the writ of error must be dismissed.

Argued January 10,—Decided January 26, 1901.

112  675
f112  809

112  675
s114  976

112  675
125  442
125  505

Practice in the Supreme Court.

*L. R. Ray* and *W. R. Hammond,* for plaintiff in error.
*King & Anderson,* contra.

LUMPKIN, P. J.    The bill of exceptions now before us recites
that there came on to be heard in the superior court of Fulton
county "the case of Emma C. Pease *vs.* A. F. Ray, claimant, and
P. P. Pease, administrator of Emma C. Pease, *vs.* A. F. Ray, claim-
ant, the two cases having been by the order of the court consoli-
dated, the same being claims to levies upon certain lands as the
property of L. R. Ray, the defendant in fi. fa." This bill of excep-
tions then proceeds to state that the jury returned a verdict finding
the property levied upon subject; that the claimant, Mrs. Ray,
thereafter made a motion for a new trial; that the same was over-
ruled, and that she excepted. It affirmatively appears from the
record that, before the hearing took place in the lower court, Mrs.
Emma C. Pease and P. P. Pease had both departed this life. It
would seem, therefore, that the court below went through the form
of having a trial between two deceased persons, designated as plain-
tiffs in execution, on the one side, and a living claimant on the
other. Though the record further discloses that Clifford L. Ander-
son had been appointed administrator of Mrs. Pease, it does not
appear that issue was ever joined between Anderson and Mrs. Ray
upon the question whether or not the land levied upon was sub-
ject to the executions, respectively, in favor of Mrs. Pease, and of P. P.
Pease as her administrator, which had been levied thereon. Even
if we would be warranted in assuming that Anderson really figured
at the hearing below in the capacity of a plaintiff in execution, it
would still remain true that he was not made a party to nor served
with a copy of the bill of exceptions. But one result can possibly
follow, viz., that the writ of error must be dismissed. There being
no defendant in error, there is no case here.

*Writ of error dismissed.    All the Justices concurring.*