RAY *v.* ANDERSON, administrator.

A trial of an issue tendered in the name of a deceased plaintiff in execution to a claimant, and by the latter met with the usual rejoinder, is a mere nullity and settles nothing.

Under the facts disclosed by the record in the present case no issue was tendered to the claimant by any living person, and the court erred in not sustaining the motion to reinstate.

Argued February 19,— Decided March 12, 1902.

Motion to set aside judgment. Before Judge Lumpkin. Fulton superior court. May 6, 1901.

*W. R. Hammond,* for plaintiff in error: Anderson, as administrator, was not a party pro forma to the record in the claim case. 112 *Ga.* 675. A judgment in favor of or against a party who is dead at the time of trial should be set aside on motion. 49 L. R. A. 153; 27 Id. 735; 18 Ala. 619; 3 *Ga.* 104; 51 *Ga.* 234; 53 *Ga.* 498; 68 *Ga.* 137. In the cases reported in 64 *Ga.* 292, 63 *Ga.* 224, 69 *Ga.* 539, and 77 *Ga.* 136, the claimants appear to have been estopped by reason of having waited too long; but in this case there is no element of estoppel. The motion to set aside the judgment was the proper motion. A motion in arrest is for a defect which appears on the face of the record or pleadings. Civil Code, § 5363; 9 *Ga.* 59; 21 *Ga.* 271; 103 *Ga.* 675, 676. The incidental allegation in claimant's equitable petition in aid of her claim, that

Mrs. Pease was dead, did not make the administrator a party, and was not an "intrinsic defect" in the record, in legal contemplation.

*Anderson, Anderson & Thomas*, contra: There is no provision of law for making parties in a case after judgment, and after execution is issued. It is provided that if parties plaintiff die after a claim is filed, the legal representative may be made a party (Civil Code, § 5021), and that parties shall be made in pending causes (Id. § 5016); also that the death of a defendant after judgment does not prevent issuance of a fi. fa. without making new parties (Id. § 5034); and in certain cases from which appeals might lie, if either party dies after judgment but before issuance of execution, the execution may nevertheless issue without new parties (Id. §5023). Death of plaintiff after issuance of execution does not prevent levy; levy may be made at instance of legal representative, or even of heirs at law. 73 *Ga.* 386. Even if a claim is afterwards filed, the administrator need be made a party only for the purpose of securing costs, and a failure to do so would be a mere irregularity not affecting the validity of the judgment. 73 *Ga.* 388; 69 *Ga.* 539. Judgment may be entered without making new parties, where plaintiff dies after verdict. 77 *Ga.* 137. An administrator who was sued as an individual and pleaded in his representative capacity was concluded, though he had not as such been made a party. 106 *Ga.* 792. Mere irregularities and amendable defects are cured by verdict, and do not authorize judgment to be set aside. Civil Code, § 5365; 46 *Ga.* 98; 63 *Ga.* 224; 64 *Ga.* 292; 69 *Ga.* 539; 95 *Ga.* 675; 107 *Ga.* 68. Pleadings must be so defective that no legal judgment can be rendered. Civil Code, § 5364; 70 *Ga.* 579 (3).

LUMPKIN, P. J. At the October term, 1900, this court dismissed the writ of error in a case stated upon the docket as that of " A. F. Ray *v.* P. P. Pease, adm'r, *et al.*" The bill of exceptions did not designate, eis nominibus, the parties thereto. It was obvious, however, that Mrs. Ray was the plaintiff in error in the case. The only indication given by the bill of exceptions as to who should be regarded as defendants in error was a recital therein that "the case of Emma C. Pease *vs.* A. F. Ray, claimant, and P. P. Pease, administrator of Emma C. Pease, *vs.* A. F. Ray, claimant, the two cases having been consolidated," came on to be tried in the superior court of Fulton county. See 112 *Ga.* 676. The bill of exceptions in no way referred to Clifford L. Anderson as a party thereto. We

treated the document as in effect designating as defendants in error Emma C. Pease and P. P. Pease as her administrator, and it affirmatively appeared from the record then before us that both these persons had died before the trial took place in the court below. Accordingly, we held that the case was before us without a living defendant in error, and dismissed the writ of error. This was done on our own motion and without notice to counsel for Mrs. Ray; for it plainly appeared that the defect in the bill of exceptions could not be cured by amendment, there being nothing in the record to disclose that any living person figured at the trial below as plaintiff in execution. After the judgment of this court dismissing the writ of error had been rendered, counsel for Mrs. Ray filed in the court below a motion to reinstate the case. Clifford L. Anderson as administrator of Mrs. Pease was made respondent to this motion. We will not now stop to inquire whether or not a formal motion to reinstate was necessary. . It may be that under the circumstances a simple motion to set the claim case for trial and bring on a hearing thereof was all that was requisite. Indeed, the motion actually filed was in essence one to this effect. Since, however, counsel for both sides invoke a decision which will determine the exact status of the case, we will undertake to settle the real controversy between them. The brief of counsel for the defendant in error states that "the only real question in this case is whether or not C. L. Anderson, the administrator of Emma C. Pease, was legally in court in his representative capacity in the trial of the claim cases, so as to render the verdict and judgment rendered therein valid and binding upon all parties." On this question the case, as presented to us, turns. After a careful investigation of the record now before us, we have reached the conclusion that Mr. Anderson was not a party to the case when it was tried in the court below, and the present record bears out the statement made in the opinion filed by the writer when the case was here before, that "it would seem, therefore, that the court below went through the form of having a trial between two deceased persons, designated as plaintiffs in execution, on the one side, and a living claimant on the other." It appears that the sheriff levied two executions upon the land in controversy. One of them was in favor of Emma C. Pease against Lavender R. Ray, and the other was in favor of P. P. Pease, administrator of Emma C. Pease, et al. against the same defendant. One

of the levies recited that it was made "in behalf of Clifford L. Anderson as administrator of the estate of Emma C. Pease, deceased;" the other levy did not contain a like recital. Upon one of the executions a tender of issue in the following words was entered: "And now comes the plaintiff in fi. fa. and tenders issue to the claimant and says," etc. Upon the other an issue in the following words appeared: "And now comes the plaintiff and tenders issue to the claimant and says," etc. To these issues Mrs. Ray made the usual rejoinder. The cases were then consolidated and the trial proceeded. It also appears that Mrs. Ray filed an equitable amendment in aid of her claim. She therein stated the fact that both the Peases were dead, and that Anderson was administrator of the estate of Mrs. Pease; but there was no prayer against him as such. The answer to this amendment was headed as follows: "Emma C. Pease et .al. *vs.* L. R. Ray, defendant, Mrs. A. F. Ray, claimant. Consolidated cases Nos. 7283 and 7284. Fulton Superior Court." The answer began with the words, "And now comes the plff. in fi. fa. and, by way of special plea to the equitable petition filed by the claimant, says," etc. This answer was signed, "King & Anderson, attys. for plff. in fi. fa.," and was verified by an affidavit the material part of which is in the following words: "Personally before me came Clifford L. Anderson, the administrator of the estate of Emma C. Pease, and on oath says," etc. This affidavit was signed, "Clifford L. Anderson." There was no order making Anderson as administrator a party either to the claim case proper or to the equitable amendment. Passing by the latter for a moment, we are quite clear that Mr. Anderson was not a party to the original claim case. There was, as just stated, no order making him a party, nor did he as administrator tender an issue to the claimant. Had he done so, this might have been sufficient. The issue as to one of the executions was tendered in behalf of the "plaintiff in fi. fa.," and as to the other in behalf of the "plaintiff;" and in each instance the person thus designated was one who was dead. So there was no one living standing in the place of a party plaintiff in execution. The fact that one of the levies recited that it was made in behalf of the administrator does not help the matter; for the sheriff has no authority to make parties to cases, and certainly did not undertake to do so in this instance. We are also of the opinion that the filing of the equitable amendment by Mrs. Ray, and what was done with

reference thereto, did not have the effect of making Mr. Anderson a party. As will have been seen, the case was stated at the head of the answer as that of "Emma C. Pease, et al. *vs.* L. R. Ray, defendant, Mrs. A. F. Ray, claimant." The person who "comes" to make answer is described as "plff. in fi. fa." Viewed with reference to the heading, it can not be said that the person answering was Mr. Anderson. The answer was signed by attorneys "for plff. in fi. fa." The words last quoted did not in this place any more designate Mr. Anderson than the same words as used in the beginning of the answer. It is true that the affidavit verifying the answer was made and signed by Mr. Anderson, and he therein describes himself as "the administrator of the estate of Emma C. Pease." But certainly this did not make him in his representative capacity a party to the answer. Pleadings may be verified by the affidavits of persons who are not parties.

Section 5021 of the Civil Code reads as follows: "In all cases where a claim shall be interposed to property levied on by virtue of a *fieri facias* or attachment from any of the courts of this State, in favor of one or more persons, and pending such claim one of the plaintiffs shall die, the case shall proceed in the name of the survivor, and on the death of the last or only plaintiff, the executor or administrator of such deceased may, on motion, be made a party *instanter*, and said case shall proceed without further delay." That section provides for a case in which "the last or only plaintiff" in execution dies after levy and claim, and declares that in such event his legal representative may, on motion, be made a party to the claim case. Where the levy is made after the death of the plaintiff in execution, it would seem by analogy that the same procedure should be followed, namely, that the representative of the deceased plaintiff be made a party to the claim case. As intimated above, this might be accomplished merely by a tender of an issue by the representative and a proper response thereto by the claimant.

Counsel for defendant in error cite several decisions of this court. We will, however, notice only two of these. They are most nearly in point, and the others are not, in our opinion, sufficiently pertinent to the issue in question to require discussion. We do not think that the case of *Rountree* v. *Lathrop*, 69 *Ga.* 539, supports the contention of the defendant in error. That was a claim case in which a verdict was returned finding the property subject to the execu-

tion, which was in favor of J. W. Lathrop & Company. There was a motion in arrest of judgment, based on the ground, stated as a matter of fact, that J. W. Lathrop had died before the term of the court at which the claim case was tried. It did not appear on the face of the execution or in any of the papers of the claim case proper that J. W. Lathrop was dead; so the motion in arrest was held to be not well taken, and Mr. Justice Crawford remarked that if the record of the original suit be looked to, it would disclose not only that J. W. Lathrop had died, but also that an order was passed allowing the case to proceed in the name of J. W. Lathrop Jr. and J. L. Warren, as surviving partners. In *Rogers* v. *Truett*, 73 *Ga.* 386, it was held that, "After a judgment has been rendered and execution has issued thereon, if the plaintiff in execution die, his administrator or executor, or perhaps his heir at law, may have the execution levied; or any other person who owns such execution, or to whom it may have been transferred, may cause it to be levied. If the property levied on be claimed, then some one who controls the execution, as executor, administrator, or transferee, must be made a party to the claim case for the purpose of securing the costs." It was insisted that the court's ruling, thus expressed, was that the only purpose of having the administrator of the deceased plaintiff in execution made a party was to secure costs. We think this view of the case entirely too restricted. There should be a party not only for the purpose of securing costs, which is a mere incident, but also for binding every person or interest to be affected by the judgment. Indeed, it seems that there is as much reason for having the necessary parties in claim cases as in cases of any other kind. In view of what has been said above, it is our opinion that the court should have treated the original judgment in the consolidated cases as a mere nullity, and have granted the motion to reinstate.

*Judgment reversed. All the Justices concurring, except Little, J., absent.*