## NEAL *v.* HEARD.

When, pending the trial of a claim case, the fact comes to light that the
plaintiff in fi. fa. is no longer in life, the hearing should be suspended
and postponed till some person duly appointed to represent his estate
can be made a party in his stead.   An heir at law who is not shown to
have any authority to represent him in the litigation can not properly
be made a party thereto.

Submitted· March 3,—Decided May 16, 1906.

Claim.   Before Judge Mitchell.   Colquitt superior court.   April
term, 1905.

*W. A. Covington* and *Shipp & Kline,* for plaintiff in error.

*J. P. Smith* and *W. C. McCall,·* contra.

EVANS, J.   An execution against John C. Neal and in favor of
George W. Heard was levied on a tract of land, to which Sallie E.
Neal interposed a claim.   On the trial of the claim in the superior
court the fact came to light that the execution was issued on a judg-
ment rendered on September 19, 1893, notwithstanding George W.
Heard had died on April 2 of that year.   The claimant made a
motion to dismiss the levy, on the ground that this judgment was
void, having been obtained after the death' of the plaintiff to the
action in which it was. rendered.   The trial judge overruled this
motion, directed a verdict against the claimant, and entered up
judgment thereon.   On motion of Fannie Heard, who had testified
as a witness, the·court then passed an order reciting, that it had

appeared from the evidence that George W. Heard, the plaintiff in fi. fa., was dead, that she was the sole owner of the judgment and execution, and that she should accordingly be made a party plaintiff in his stead, so that the case might proceed in her name. The claimant is before this court making complaint of various rulings made pending the trial, and assigning error upon the order allowing Fannie Heard to become a party plaintiff.

The whole proceeding up to the time of verdict and judgment was a nullity, since no issue had been tendered to the claimant by any living person. *Ray* v. *Anderson,* 114 *Ga.* 975. No ruling in favor of the claimant would have been binding on any one not a party to the case, so it is useless to inquire into the merits of the various contentions which she presented to the trial judge. When the fact became known that the plaintiff in fi. fa. was dead, the court should have suspended the trial, as requested by counsel for the claimant, because of the want of a proper party plaintiff. *Ray* v. *Pease,* 112 *Ga.* 676. Only some person who had been duly appointed the legal representative of George W. Heard could properly undertake to conduct the litigation in his stead. *Ray* v. *Anderson,* 114 *Ga.* 979. His heir at law, Fannie Heard, was not shown to have any authority to represent his estate, and should not have been made a party plaintiff.        *Judgment reversed. All the Justices concur.*