FERGUSON & WHEELER LAND, LUMBER & HANDLE COMPANY v.
GOOD.

Opinion delivered December 19, 1910.

1. APPEAL AND ERROR—PRESUMPTION.—Where the trial court overruled generally an objection to a certain deposition, it will be presumed on appeal that the objection correctly stated the facts. (Page 107.)

2. DEPOSITION—ADMISSIBILITY.—A deposition taken on behalf of the plaintiff in an action at law to be used on the trial of a motion, without any agreement that it may be used on the trial of the case on the merits, can not be used at the trial on the merits by the defendant over the plaintiff's objection, in the absence of proof that the witness was dead, or that his testimony could not be procured in the manner pointed out by statute. (Page 107.)

3. CORPORATIONS—LIABILITY OF CORPORATION PURCHASING ANOTHER'S PROPERTY.—A corporation which purchases the property of another corporation does not, in the absence of contract, become liable for the debts, liabilities or obligations of the selling corporation. (Page 108.)

Appeal from Clay Circuit Court, Western District; *Frank Smith,* Judge; reversed.

*Basil Baker,* for appellant.

*G. B. Oliver,* for appellee.

HART, J. Herbert Good, a minor, by his next friend, Guy Latham, sued the Western Handle Company and Ferguson & Wheeler Land, Lumber & Handle Company for damages sustained by him while in the former company's employ. Judgment was recovered against the latter company; and to reverse that judgment this appeal is prosecuted.

The Ferguson & Wheeler Land, Lumber & Handle Company filed a motion to dismiss the action because it was not liable, and stated that the injuries complained of were received by said minor while in the employment of the Western Handle Company; that before the action was instituted all the property and assets of the Western Handle Company had been transferred to the Ferguson & Wheeler Land, Lumber & Handle Company, and that the former company had been dissolved. The court overruled the motion. The cause was continued, and the complaint was amended, and as amended alleged that the Ferguson & Wheeler Land, Lumber & Handle Company had as-

sumed all the debts and liabilities of the Western Handle Company. Thereafter the suit was prosecuted against the Ferguson & Wheeler Land, Lumber & Handle Company, and judgment was recovered against it alone.

On the trial of the case, what purports to have been the deposition of Geo. B. Wheeler was introduced in evidence before the jury, in which he stated that he resided in Poplar Bluff, Mo.; that he was vice president, treasurer and manager of the Ferguson & Wheeler Land, Lumber & Handle Company, and was secretary and treasurer of the Western Handle Company; that the former company was organized for the purpose of taking over the property and assets of the latter, and that an arrangement was made by which the indebtedness of the Western Handle Company was assumed by the new corporation. The following appears in the record:

"Defendant objects to the reading of said deposition for the reason that the so-called deposition was not taken with a view of being offered in the trial of this lawsuit, and was taken on behalf of the plaintiff, and for that reason the witness Wheeler was not examined as fully as he would have been on cross examination. The deposition was taken upon a motion offered in this lawsuit, which motion has been passed upon by the court at a former term. Objected to further for the reason that it is not shown that the same proof cannot be had from other witnesses who may be present in court, and for the further reason that it is not shown that the said George B. Wheeler cannot be had to testify in person in this cause."

The objection was overruled, and the defendant excepted to the ruling of the court. It will be noted that the court overruled the objection generally, and not because it did not state the facts. Hence the presumption is that the objection did state the facts, and the court admitted the testimony because it held it to be competent. The court should have sustained the objections of the defendant.

The record does not show that the testimony was taken by agreement to be used on the trial of the case on its merits. On the contrary, it affirmatively shows that the testimony was taken before the trial judge by the plaintiff to be used as evidence on the motion made by the defendant to dismiss the action. Hence

we hold that it was not a deposition taken to be used on the trial of the case, within the meaning of section 3157 of Kirby's Digest. It could not be used as secondary evidence for the reason that it was not shown that the witness was dead, or that his testimony could not be procured in the manner pointed out by the statute. No other testimony was introduced tending to show that the Ferguson & Wheeler Land, Lumber & Handle Company had assumed the debts or liabilities of the Western Handle Company.

This is a suit against the purchasing corporation for an alleged liability of the selling corporation. In the class of corporations embraced in this action, no liability is imposed by statute upon the purchasing corporation to pay the debts, liabilities or obligations of the selling corporations. Hence the liability, if any, must arise from the terms of the purchase. *St. Louis, I. M. & S. Ry. Co.* v. *Batesville & Winerva Telephone Co.*, 86 Ark. 300; Noyes on Intercorporate Relations (2 ed.), § 123.

The evidence of the plaintiff shows that the injury was sustained while in the employment of the Western Handle Company, and, with the testimony of Wheeler excluded, there is nothing to show that the Ferguson & Wheeler Land, Lumber & Handle Company assumed to pay the debts, liabilities or obligations of the Western Handle Company. It follows that the verdict is without evidence to support it.

We do not decide whether the evidence of the plaintiff is sufficient to warrant a recovery against the Western Handle Company; for that is a close question, and the evidence on a new trial may be different from that shown in the present record.

For the error in admitting the testimony of George B. Wheeler taken on the motion to dismiss the action to be read as a deposition on the trial of the case on its merits, the judgment will be reversed, and the cause remanded for a new trial.