## COHEN *v.* MEADOR, trustee, *et al.*

1. A court of equity will not enjoin the enforcement of an execution issued by a court of competent jurisdiction, where it appears that the parties to the suit have had their day in court and the defendant in execution offered no evidence on the trial of the case, and it does not appear that he was prevented from so doing by fraud or accident, or the act of the other party, unmixed with negligence or fraud on his part.

(*a*) The judgment of the court, in such a case, adjudicated that all the elements necessary to a valid judgment were had at the trial, and that all the issues made between the parties were adjudicated.

(*b*) Where a suit was filed by the trustee of a bankrupt, as such, to recover on a debt due by the defendant to the bankrupt, and pending the suit in court the trustee was discharged by the bankrupt court, but defendant offered no evidence on the trial and judgment was taken in favor of the trustee against the defendant by default: *Held,* that the plaintiff and defendant are concluded by the judgment, which adjudicated the rights of the parties as shown by the pleadings, among which are that the trustee, as alleged, is trustee; and it is too late, after judgment, to ask a court of equity to open the judgment and let in defenses which could have been made before judgment.
FEBRUARY 14, 1912.

Petition for injunction. Before Judge Pendleton. Fulton superior court. November 6, 1911.

*John Clay Smith, Morris Macks,* and *R. O. Lovett,* for plaintiff. *Tindall & Silverman,* for defendants.

HILL, J.  T. D. Meador, as trustee in bankruptcy for the J. J. & J. E. Maddox Grocery Company, filed a suit to the January term, 1911, of Fulton superior court, against Morris Cohen, on a contract of guaranty for the debt of one Loeb. At the appearance term Cohen filed an answer, which was stricken on motion. No exception was taken to the order striking the defendant's answer. Pending this case in the superior court, the assets of the bankrupt were sold, and some of the defendants in the present case became the purchasers of such assets, including the claim in suit against Cohen.  The trustee was discharged by the bankruptcy court, and after the order of discharge, the case being in default, judgment was taken in the name of Meador, trustee, against the defendant, and no attack was made thereon until the present suit was filed, other than an affidavit of illegality to the fi. fa. issued on the judgment, made by Cohen, which the sheriff refused to accept.  Cohen then filed the present petition, praying for injunction and relief from the enforcement of the judgment, on the ground that prior to the filing of the suit against him he had settled in full the debt for which the judgment was obtained; and because the judgment was obtained in the name of T. D. Meador, trustee, when in fact, while the suit was pending, Tindall & Silverman became the transferees and true owners of all the assets of the J. J. & J. E. Maddox Grocery Company, and Meador as trustee had been discharged. On the interlocutory hearing, the court declined to grant the injunction prayed for, and the plaintiff excepted.

The controlling question made by the record in this case is, whether the judgment taken in the name of Meador, as trustee, after he had been discharged as such by the bankruptcy court, was a valid judgment.  That suit was brought by the plaintiff against the defendant, to recover an amount claimed to be due to the parties for which the plaintiff was trustee.  It is elementary that necessary parties are essential in the trial of every case, before a valid judgment can be rendered by a court of competent jurisdiction.  But where such a court has the necessary parties before it, and the proper subject-matter within the jurisdiction of the court, a judgment rendered adjudicates the rights of the parties to the suit. Where there is a real party plaintiff, and a real party defendant, and the plaintiff recovers in the cause of action against the defendant the amount sued for, such a judgment adjudicates that the

defendant owed the plaintiff the amount recovered. And such a suit settles the further fact that every element necessary in the suit was present which enabled the plaintiff to recover; and when that appears, the parties to the suit are concluded by the judgment. What are the elements here? The defendant was alleged to owe the bankrupt, and the trustee in bankruptcy was the representative of the interest of the bankrupt. The plaintiff was, therefore, a proper party to sue. The defendant was alleged to owe the plaintiff, and was a proper party to be sued. The amount sued for was awarded by the judgment. Rightly or wrongly, the judgment adjudicates these facts. It does not matter what the real fact is— the judgment can not be upset by saying that some element necessary to a recovery is lacking, or is untrue, after the judgment is rendered. The judgment is attacked as void because these elements necessary to the suit and judgment are lacking; but the judgment settled those contentions against the defendant. In the case of *Roberts* v. *Martin,* 70 *Ga.* 196, 197-198, it was said: "When, therefore, the order of the court of ordinary was shown, granting leave to Jarrell Beasely, the administrator, to sell the lands belonging to the estate of Robert C. Beasely, the law presumed that all had been done which was necessary to have been done, before the same was granted, and the court should not have gone behind the judgment. This includes not only the necessity of the sale, and that it would be for the benefit of the heirs and creditors, but of the fact that Jarrell Beasely was the administrator, and authorized to make the sale. 47 *Ga.* 195; 50 *Ib.* 231."

It is also insisted that the judgment was void because no evidence was introduced on the trial; but under our system of procedure a judgment by default is the same as where proof is offered, and the judgment here is by default. The discharge of a bankrupt prevents the enforcement of a debt against him, covered by such discharge; but if he fails to plead it in an action on the debt, he is bound by the judgment rendered against him. The judgment adjudicates all issues between the parties to the case. The judgment involved in this case finds that the plaintiff was the trustee of the bankrupt, and that the defendant owed the plaintiff as the trustee of the bankrupt. Whether it was so in point of fact before the judgment, it is too late after the judgment to enjoin it, if the defendant did not avail himself, on account of his own laches, of

whatever defense he might have had at the trial. Anything affecting the plaintiff's right to recover ought to be set up before judgment, and not after it is rendered. There would be no end to litigation if any other rule obtained. No sufficient reason appears why the defendant did not appear and make whatever defense he might have legally or equitably set up at the trial. He was duly served and had his day in court, and it is too late after judgment to seek the aid of a court of equity in order to make the defense he should have made at the trial. That he did not appear in court and make his defense is due to his own laches. The plaintiff in error insists that he had suffered bodily and mentally for many months, that all of his business was in bad shape and very much disorganized, and that this is the real reason he could not recall the circumstances and produce the receipt for payment at the trial. But we do not think this state of facts furnished a sufficient excuse for a court of equity to interfere; and besides, there was evidence in this case from which the trial court could have reached the conclusion that the receipt on which the plaintiff in error relied to show payment of the debt on which the judgment was based had been given to the plaintiff because of a payment by him of another and entirely distinct account. No motion was made to open the judgment or set it aside; and after the proper parties have had their day in court, and the subject-matter of the suit is adjudicated by a court of competent jurisdiction, a court of equity will not interfere to enjoin the execution issued upon the judgment from proceeding according to law. It nowhere appears that the defendant was prevented from making his defense at the trial, by fraud, accident, or mistake, or by the act of his adversary, unmixed with any negligence or fraud on his own part; and the well-established rule in such cases is that a court of equity will not interfere. Civil Code (1910), § 4585; *Pollock* v. *Gilbert,* 16 *Ga.* 398 (60 Am. D. 732); *Moore* v. *Gill,* 43 *Ga.* 388; *Thomasson* v. *Fannin,* 54 *Ga.* 361; *Lamar* v. *Knott,* 74 *Ga.* 379; *McWilliams* v. *Walthall,* 77 *Ga.* 9; *Gentle* v. *Atlas &c. Assn.,* 105 *Ga.* 406 (31 S. E. 544).

*Judgment affirmed. All the Justices concur.*