### IRWIN, administrator, *v.* SHUFORD.

LUMPKIN, J. 1. While there is conflict in the authorities in different jurisdictions as to whether a judgment rendered in favor of or against a deceased person is void or only voidable, and there is some diversity of opinion as to whether the question would be affected by reason of the fact of death appearing or not appearing of record, or whether the death of the party occurred before or after the bringing of the suit, in this State, under former decisions, if the sole plaintiff in a suit brought to recover a money judgment dies pending the suit, and before trial, verdict, or judgment therein, and thereafter, without making any representative a party, a verdict is rendered and a judgment entered in favor of the decedent, such verdict and judgment are void. *Lockridge* v. *Lyon,* 68 *Ga.* 137; *Watson* v. *Adams,* 103 *Ga.* 733 (30 S. E. 577); *Ray* v. *Anderson,* 114 *Ga.* 975 (41 S. E. 60).

(a) There is nothing in the case of *Neal* v. *Heard,* 125 *Ga.* 441 (54 S. E. 99), or of *Cohen* v. *Meador,* 137 *Ga.* 551 (73 S. E. 749), which conflicts with the ruling above made, when the facts involved in those cases respectively are considered. Nor does it conflict with the decision in *Tedlie* v. *Dill,* 3 *Ga.* 104, where a motion to set aside a judgment as erroneous, upon the ground that the action, as well as the judgment, was against joint defendants, and, being bad as to one, should be reversed as to all. It was held that the motion should have been granted; but it was not decided whether such a judgment was amendable, or

whether it could be set aside as to the deceased defendant and stand good as to the other. ·

2. Where the sole plaintiff in a suit to recover a money judgment died pending the suit and before trial, verdict, or judgment, but a verdict and judgment were subsequently rendered in his favor and the execution was levied on certain land, to which a claim was interposed, the claim reciting the levy of the execution in favor of the decedent, and the claim bond being made accordingly, but issue being tendered by a person as executrix of the plaintiff in fi. fa., it was competent for the claimant to prove the death of the original plaintiff before the date of the trial, and of the verdict and judgment on which the execution was based, in order to show that such judgment was void, and that the execution based upon it was without valid foundation upon wh'ch to proceed to subject the property.

(*a*) In this case it is apparent that the person who was proceeding as executrix of the decedent must have known of his death, and could not have been taken by surprise by such proof. See, in this connection, *Shuford* v. *Shuford*, 141 *Ga*. 407 (5), 408 (81 S. E. 115).

(*b*) While the evidence of a witness that the original plaintiff in the suit died at a certain date, as she was informed, was subject to objection, yet there was positive, undisputed evidence of the fact and date of such death, and there was no conflict on that subject. A reversal will accordingly not be granted because of the admission of the hearsay evidence above referred to.

3. An execution based on a judgment rendered in favor of a person after his death, as indicated in the preceding headnotes, having been levied upon certain property, and a claim having been interposed, and issue having been tendered by another described as "Exct. of Pltf. in fi. fa.," and issue having been joined, and the plaintiff having undertaken to carry the burden of proof, and both sides having introduced evidence touching the question of title, when it appeared by uncontradicted evidence that the judgment on which the execution was based was void because rendered in favor of a dead person, as above stated, it was inevitable that the property could not be found subject to the execution; and, after a verdict and judgment finding the property not subject, a refusal to grant a new trial will not be reversed. Without entering into a detailed discussion as to the merit or lack of merit in grounds of the motion other than those dealt with above, which other grounds do not affect the ruling herein made, the judgment will be affirmed.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent, and Atkinson, J., disqualified.*

JANUARY 13, 1916.

Claim. Before Judge Patterson. Cobb superior court. January 15, 1915.

*Spencer R. Atkinson, Owens Johnson, T. B. Irwin,* and *Fred Morris,* for plaintiff. *D. W. Blair,* contra.