## BECKHAM et al. v. GALLEMORE, tax-collector, et al.

1. The law in regard to local taxation for school purposes, embodied in the Code of 1910, §§ 1531-1535, is not unconstitutional for any reason assigned.
2. None of the assignments of error require a reversal of the judgment of the trial court refusing an injunction.

No. 195. OCTOBER 20, 1917.

Petition for injunction. Before Judge Kent. Twiggs superior court. January 11, 1917.

Miss E. G. Beckham and others filed their petition against the tax-collector of Twiggs county and a bailiff, to enjoin the collection of a local tax for public schools under the act of the General Assembly embodied in the Civil Code of 1910, §§ 1531-1535. A temporary restraining order was granted, and upon the hearing the judge dissolved the restraining order and denied the injunction. To this ruling the plaintiffs excepted.

*H. F. Griffin Jr., Hall & Grice,* and *C. J. Bloch,* for plaintiffs.

*Shannon & Harrison, J. R. L. Smith,* and *G. C. Harris,* for defendants.

GILBERT, J. 1. Public officers are presumed to have performed the duties imposed upon them by law. When an issue is raised in a judicial proceeding as to the truth thereof, the burden of proof rests upon the party asserting failure of such performance. The evidence in this case is insufficient to invalidate a finding by the trial court that the board of education complied with the statute in laying off the County of Twiggs into school districts, especially when there is no effort to show that the alleged variation from the prescribed area was not due to natural causes or local conditions making the same necessary. Whether such conditions are necessary is a matter that must be determined by the board of education. Civil Code (1910), § 1531. A substantial compliance with the statute is all that is required. *DuPre* v. *Cotton,* 134 Ga. 316 (67 S. E. 876); *DeLoach* v. *Newton,* 134 Ga. 739 (68 S. E. 708).

The provision of the statute in regard to the shaping of the district so that no territory shall be included the occupants of which reside further than three miles from the schoolhouse is directory and not mandatory, and may be varied where the board of education deems it impracticable to literally comply with the statute. The evidence as to how nearly the board complied with the provisions of the statute in laying off the districts is not definite, but it does show a substantial compliance therewith; and in view of the discretion allowed the board, the judgment will not be reversed. Civil Code (1910), § 1531. Besides, this is a matter that must be determined by the board of education, and a court of equity will not entertain jurisdiction of the subject where there is no abuse of discretion. *Meadows* v. *Board of Education of Paulding*

*County,* 136 *Ga.* 153 (71 S. E. 146); *Dobbs* v. *Hardin,* 137 *Ga.* 191 (4), 192 (73 S. E. 582); *Cohen* v. *Meador,* 137 *Ga.* 551 (73 S. E. 749); *Edge* v. *Garrett,* 138 *Ga.* 93 (74 S. E. 758).

The evidence in regard to the filing, in the office of the ordinary, of the map provided by the statute does not show such a failure to comply with the law as will require the grant of an injunction against the collection of the school taxes. *Dobbs* v. *Hardin,* supra.

Where a railroad is made the boundary between two school districts, the railroad is no more in one district than the other. The line is the center of the railroad midway between the rails of the main track. Trustees of Eddyville Schools *v.* Board of Education, 141 Ky. 126 (132 S. W. 182).

Where a school district is so indiscriminately known and recognized by more than one name by the people in the territory and through the county that no one is misled as to what territory is meant by the use of either name, and two or all three of these names have been employed in the various proceedings incident to the calling of an election and the declaring of the result thereof for the establishment of a school district, the judgment of the court denying an injunction against the collection of school taxes in such district will not be set aside on account of such irregularity.

2. It is insisted by the plaintiffs in error that the act of the General Assembly under which the school tax is sought to be collected is "violative of the constitution of the United States and of the State of Georgia, particularly that part of the fourteenth amendment of the constitution of the United States which provides that no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, and that no State shall deprive any person of life, liberty, or property without due process of law; and particularly that part of the bill of rights in the constitution of Georgia which provides that no person shall be deprived of life, liberty, or property except by due process of law." They also insist that if the assessment and levy be allowed to proceed they will be deprived of their property without due process of law, because they have not been afforded a hearing as to the merits of the school district, or of the necessity for its creation, or as to the amount of the tax. This contention is based on the case of Embree *v.* Kansas City Road District, 240 U. S. 242 (36 Sup. Ct. 317, 60 L. ed. 624). That

case concerned an attack upon an act of the legislature · of the State of Missouri, authorizing the creation of a district to be designated by the commissioners, within which to improve a public road, which act delegated to the commissioners the matters of location, boundaries, assessment, and other details necessary to the carrying out of the legislative act. Mr. Cooley in his work on Constitutional Limitations has clearly drawn the proper distinction between assessments of this character and taxation for public purposes. "Assessments for the opening, making, improving, or repairing of streets, the draining of swamps, and the like local works, have been generally made upon property, with some reference to the supposed benefits which the property would receive therefrom. . . The opening or paving of a street may increase the value of all property upon or near it; and it may be just that all such property should contribute to the expense of the improvement; but it by no means follows that each parcel of the property will receive from the improvement a benefit in proportion to the previous value. One lot upon the street may be greatly increased in value, another at a little distance may be but slightly benefited; and if no constitutional provision interferes, there is consequently abundant reason why the tax levied within the taxing district should have reference, not to value, but to benefit." Assessment of this kind, though in one sense an exercise of the taxing power, is an appropriation of private property for public use, and, says Mr. Cooley, "as the persons taxed, as a part of the public, would be entitled of right to the enjoyment of the improvement when made, such right of enjoyment could not be treated as compensation for the exaction which is made of them exclusively, and such exaction would therefore be opposed to those constitutional principles which declare the inviolability of private property. But those principles have no reference to the taking of property under legitimate taxation. When the constitution provides that private property shall not be taken for public use without just compensation made therefor, it has reference to an appropriation thereof under the right of eminent domain. Taxation and eminent domain indeed rest substantially on the same foundation, as each implies the taking of private property for the public use on compensation made; but the compensation is different in the two cases. When taxation takes money for the public use, the taxpayer receives, or is sup-

posed to receive, his just compensation in the protection which government affords to life, liberty, and property, in the public conveniences which it provides, and in the increase in the value of possessions which comes from the use to which the government applies the money raised by the tax; and these benefits amply support the individual burden." Cooley's Con. Lim. 612, 613.

In the passage of this law the legislature considered the beneficial effects of such taxation, and determined that the tax should be laid subject only to referendum of the people to be affected in each district. They delegated to the board of education the ministerial duties of carrying the provisions of the act into effect. This they had a constitutional right to do. *Southern Ry. Co.* v. *Melton,* 133 *Ga.* 277, 278 (65 S. E. 665). The taxpayers were afforded full opportunity to be heard, first, through their representatives in the General Assembly on the passage of this act; and next, in the exercise, by those residing in the district, of their right to vote in the election called for the purpose of ascertaining the will of the people; and lastly, the courts were open to them to test any part of the law, or the manner of carrying it out, and of this last privilege they have properly availed themselves. Gray on Limitations of Taxing Power and Public Indebtedness, § 1130. This author shows a distinction between the notice and hearing required in judicial proceedings and proceedings for the levy and collection of taxes. Id. § 1129. It has already been held by this court that this act was not unconstitutional on the ground of denying due process of law. *Coleman* v. *Board of Education,* 131 *Ga.* 643 (4), 647 (63 S. E. 41). We have somewhat elaborated upon what was said in the last-named case, because the grounds of assignments of error were based on different reasons.

The law under examination in the case of Embree *v.* Kansas City Road District, supra, contained a referendum, and it was declared constitutional. It is argued, however, that it provided for a hearing on the question of benefits, while the act creating the school district in question makes no such provision. Our reply is that the school tax concerns public taxation for which the public benefits are so self-evident and uncontrovertible that a hearing other than that allowed under the act as above explained would be a senseless proceeding. The question of benefit to the property taxed is not involved, as the two cases stand upon different prin-

ciples. Martiñ v. School District of Laurens, 57 S. C. 125 (3) (35 S. E. 517).

*Judgment affirmed. All the Justices concur, except Fish, C. J., and Beck, P. J., absent.*