42301.  EUBANK v. BARBER-COLMAN COMPANY.
42302.  BUILDINGS INVESTMENT, INC. v. BARBER-COLMAN COMPANY.
42303.  SELIG et al., Executors v. BARBER-COLMAN COMPANY.

BELL, Presiding Judge.  Barber-Colman Company brought this action against Alberta Eubank and other defendants to foreclose a lien for materials furnished in the improvement of certain real estate.  Plaintiff's amended petition shows that the materials were furnished to and at the instance of a subcontractor, Seckinger Sons Co., Inc.  Thereafter Seckinger Sons Co., Inc. was adjudicated a bankrupt.  Plaintiff has not brought suit against the subcontractor.

1. *Re Case No. 42301.*  Defendant Eubank died on December 10, 1965.  Thereafter plaintiff materially amended its petitions.  The Citizens & Southern National Bank, as executor of Mrs. Eubank's will, filed a pleading in the case purporting to renew Mrs. Eubank's original demurrers and demurring on additional grounds.  The record reveals that plaintiff has not sued out a scire facias pursuant to *Code* § 3-402, that the court has not issued a rule pursuant to *Code* § 3-404 and that there is of record no order of the court substituting the executor as a party in the case.  The trial court entered an

order overruling the general demurrers of the decedent. A notice taking appeal from the trial court's judgment overruling the demurrers was filed in the name of the decedent. Plaintiff has filed a motion to dismiss the appeal, contending that the notice of appeal is void because it was filed in behalf of one not a party to the case.

A deceased person cannot be a party to legal proceedings. While the death of a party does not abate a pending action where the cause of action survives (*Code* § 3-501), nevertheless the effect of the death is to suspend the action as to the decedent until someone is substituted for the decedent as a party to the proceedings. 1 AmJur2d 83, Abatement, Survival and Revival, § 47; 39 AmJur 971, Parties, § 100. Until someone is properly substituted as a party after the action is thus suspended, further proceedings in the case are void as to the decedent. See *Watson v. Adams,* 103 Ga. 733, 736 (30 SE 577); *Irwin v. Shuford,* 144 Ga. 532 (1) (87 SE 674); *Campbell v. Western & A. R.,* 57 Ga. App. 209 (2) (194 SE 927).

The liberal provisions of Section 13 (b) of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 29) would authorize us to allow amendment of the proceedings in this court so as to avoid dismissal of this appeal if the record before this court disclosed that the executor had been made a party prior to the judgment of the trial court and that the executor was therefore the party actually taking the appeal or if the record disclosed that the personal representative, though not a party in the trial court, took the appeal in the name of decedent pursuant to *Code* § 3-408. However, there appears to have been no valid substitution of anyone for the decedent as a party to the proceedings in the trial court. We think that if the executor appeared voluntarily and pleaded as a party in the case and the opposite party indicated in any manner of record its acquiescence to the substitution, a valid substitution would have taken place. See *Ray v. Anderson,* 114 Ga. 975, 979 (41 SE 60); compare *Tanner v. Hinson,* 155 Ga. 838, 841 (118 SE 680). However, there is nothing in the record transmitted to this court to demonstrate the requisite acquiescence. Instead, the trial judge in his order overruling the demurrers, pronounced judgment against the decedent, not against the executor, as if there had been no substitution. Although we are authorized to make a personal

representative a party to the appeal where a party dies pending appeal (see Rule 33 of this court), we know of no provision of law which would authorize us to order substitution of the personal representative where the party died before the trial and the representative was not properly substituted as a party in the trial court.

Since it appears that there is no living appellant in this case and that none can be supplied by amendment or by order of this court, it follows that the appeal is a nullity. See *Ray v. Pease*, 112 Ga. 675 (37 SE 875). We therefore grant the appellee's motion to dismiss Case No. 42301, with the admonition that all proceedings occurring in the trial court subsequently to the death of Alberta Eubank are as to her similarly void.

2. (a) *Re Case No. 42302, Case No. 42303.* Buildings Investment, Inc. and the executors of the will of Ben Massell separately filed notices appealing from the judgment of the trial court "sustaining the general demurrers of this defendant in this case, said order being dated May 6, 1966." The record discloses that the order of May 6, 1966, ruling upon these defendants' general demurrers to plaintiff's amended petition, *overruled* the demurrers. On May 30, 1966, these defendants filed pleadings attempting to amend their notices of appeal by striking the notices of appeal in their entirety and substituting notices appealing from the judgment of the trial court "overruling the demurrers of this defendant in this case, said order being dated May 6, 1966." Plaintiff's motions to dismiss the appeal of Buildings Investment, Inc. and the appeal of the executors of the will of Ben Massell are denied. A patently inadvertent misdescription of the judgment appealed from will not cause a dismissal of the appeal where an examination of the whole record clearly reveals the identity of the judgment from which appellant intended to take appeal. See Section 13 (b) of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 29).

(b) These cases are controlled on their merits by *Chambers Lumber Co. v. Martin*, 112 Ga. App. 826 (146 SE2d 529), which held that in a suit to foreclose a materialman's lien on real estate, plaintiff must show that he has brought suit against the contractor or subcontractor, as the case may be, to whom the material was furnished, unless the case is one within the exceptions enumerated under *Code* § 67-2002, as

amended. Chambers also held that the Act approved February 11, 1960 (Ga. L. 1960, p. 103) amending *Code* § 67-2002 (3) merely relieves the lienholder of the duty of obtaining a judgment against the contractor or subcontractor; it does not relieve the lienholder of the necessity of filing suit against the contractor or subcontractor.

Here the plaintiff has not previously or concurrently sued Seckinger Sons Co., Inc., the one to whom the materials were furnished. Thus the trial court erred in overruling defendants' general demurrers. Obviously, albeit obiter, the same result would obtain in Case No. 42301 if we had reached the merits of that case.

*Appeal dismissed in Case No. 42301. Judgments reversed in Case No. 42302 and Case No. 42303. Jordan and Eberhardt, JJ., concur.*

ARGUED SEPTEMBER 7, 1966—DECIDED FEBRUARY 15, 1967.

*Candler, Cox, McClain & Andrews, Edward Andrews,* for Eubank.

*Sams & Sams, Augustine Sams, Marion A. Sams,* for Barber-Colman Co.

*Fine & Rolader, D. W. Rolader, Joseph J. Fine,* for Buildings Investment and Selig.