### 70194. ETHRIDGE et al. v. THURMOND.
(331 SE2d 89)

BIRDSONG, Presiding Judge.

Recission of Lease. In 1968 Hermis O. Ethridge entered into a 10-year lease of his property with Roadside Sales, Inc. at a monthly rental of $100. The lease provided for a long-term renewal with the rental reducing to $50 per month if the lease was thus extended. In 1968 the lease was extended, and again in 1974, to a full term of 30 years. In 1982 Roadside Sales assigned the lease to Thurmond (as a bona fide assignee) as authorized by the terms of the lease. In June 1983, Hermis O. Ethridge, through his brother Hubert Ethridge, as guardian, brought suit against both Roadside Sales and Thurmond, contending that Hermis Ethridge was mentally incompetent at the time of the negotiation or at least that the difference in mental acuity between Roadside Sales' president and Thurmond in relation to Hermis Ethridge was so great that advantage had been taken of Hermis Ethridge. Ethridge prayed for recission of the lease and that he be awarded such damages as could be proved as a result of the unjust lease as well as exemplary and punitive damages to dissuade future conduct of the same character. Subsequent to the filing of the suit in June 1983, Hermis Ethridge, on July 9, 1983, died, but Hubert Ethridge as guardian continued as the party plaintiff. On July 26, 1983, Thurmond moved the court to dismiss the part of the complaint that alleged that he (Thurmond) had defrauded Hermis Ethridge because of the great mental disparity as well as that part of the prayer seeking punitive and exemplary damages. Thurmond also moved for summary judgment in substance upon the same grounds.

Ultimately, the trial court concluded that no action in tort nor fraud lay against Thurmond inasmuch as Thurmond was not a participant in the negotiation and execution of the original lease. Therefore, the court on July 2, 1984, dismissed the averment of fraudulent inducement and claim for exemplary and punitive damages as against Thurmond. Then in September 1984, the court granted summary judgment to Thurmond. The basis of the grant appears to have been

that when the allegations of fraud and claims for punitive and exemplary damages were removed from the case as to Thurmond, there remained no genuine issues of material fact with respect to Thurmond. Hubert Ethridge has brought this appeal contending that it was error to grant summary judgment as to Thurmond inasmuch as Thurmond is an indispensable party to the lawsuit. *Held*:

In his motion for summary judgment on July 26, 1983, Thurmond did not assert as a basis for its grant (nor even mention the fact) that Hermis O. Ethridge as ward earlier had deceased on July 9, 1983. However in his portion of the pretrial order, Thurmond asserted that Hubert Ethridge was only vicariously a plaintiff by virtue of being a guardian of the actual plaintiff Hermis O. Ethridge and that death of the ward precluded further action by the guardian in the absence of a substitution of parties plaintiff.

Pretermitting the question of whether the appellee Thurmond is raising for the first time on appeal and thus waived as a ground that the grant of summary judgment was void for lack of a party plaintiff or whether that by failing to base the grant of summary judgment upon death of the ward, Thurmond is estopped from asserting a void action when he moved for and accepted summary judgment against the guardian alone long after the death of the ward. We are constrained to conclude that the trial court was aware of this situation prior to ruling on Thurmond's motion for summary judgment.

The law is quite clear. The death of Hermis O. Ethridge as ward (and the real party at interest) terminated the relationship of guardian being vested in Hubert Ethridge. *Harrison v. Tonge*, 67 Ga. App. 54, 57 (19 SE2d 535). Where the party plantiff dies, the suit is not abated but is suspended until a proper party is brought before the court in appropriate proceeding, i.e., substitution of party plaintiff. *Irwin v. Shuford*, 144 Ga. 532 (87 SE 674). Though a notice of death was filed and there is an indication in the record that Hubert Ethridge is now the administrator of the estate of his brother Hermis, the record does not establish that Hubert has been substituted as a party in fact or law. Until someone is substituted by order of court (*Towns v. Mathews*, 91 Ga. 546 (2) (17 SE 955)), further proceedings in the case are void as to the defendant Thurmond. *Irwin v. Shuford*, supra.

Upon the face of this record it is clear that the trial court exceeded its authority in granting any judgment to the defendant in the absence of a plaintiff to the suit. Likewise, this court is faced with an ostensible appeal by a stranger to the action in a case wherein the action from which the appeal was taken is wholly void. Accordingly, the judgment of the trial court is vacated and the record remanded to the trial court for further consideration of the case not inconsistent with the decision of this court.

*Judgment vacated and case remanded with direction. Carley and Sognier, JJ., concur.*

DECIDED MAY 10, 1985.

*Richard Chandler*, for appellants.
*Emory F. Robinson, Andrew J. Hill, Jr.*, for appellee.