ANDERSON, administrator, *v.* CARY, survivor.

Where, pending his action, the plaintiff dies, and his administrator fails to have himself made a party within a reasonable time after his qualification, the action may be dismissed for want of prosecution, and it is no abuse of discretion by the presiding judge to refuse to reinstate it on motion subsequently made by the administrator.                 *Judgment affirmed.*

May 2, 1892. By two Justices.

Parties. Practice. Before Judge VAN EPPS. City court of Atlanta. September term, 1891.

A motion was made to have the case of Crawford Monroe *v.* John Cary, surviving partner of John Cary & Son, reinstated, and to make the administrator of

Monroe party plaintiff. The original suit was brought in April, 1887. On October 12, 1888, the death of plaintiff was suggested of record. At the call of the case in the winter of 1889, the court announced that it would be dismissed if parties were not made by the time the case was again reached. It was reached and called in the spring of 1890, was not answered to, and was passed. There was an attorney of record for plaintiff. It was reached and called again October 3, 1890, and not being answered to, was dismissed for want of prosecution. The motion to set aside the judgment and reinstate the case was filed June 5, 1891. It was not stated in the recitals of fact in this motion when the administrator of the estate of plaintiff was appointed, but by reference to the files in the ordinary's office it appears that he was appointed and qualified as such administrator December 12, 1889. The motion was denied, to which the movant excepted.

JOHN A. WIMPY, by brief, for plaintiff.
ARNOLD & ARNOLD, by brief, *contra*.