## Western and Atlantic Railroad Company v. Smith.
## Southern Railway Company v. Smith.

PER CURIAM. A father and mother instituted an action against two railroad companies, for the homicide of their son, alleged to be eighteen years of age, who had never married and upon whose estate there was no administration. The homicide was alleged to have occurred under the following circumstances: The defendants, the Southern Railway Company and the Western and Atlantic Railroad Company, maintained separate tracks from Dalton, Georgia, southward, approximately parallel, for about six miles, the distance between them varying from four to twelve feet. Plaintiffs' son, an employee of the Southern Railway Company, was a member of a "section-crew" working on the track of that company under the direction of a foreman at a point about two

47

hundred and fifty yards north of a public-road crossing where the tracks of the two railroads were about four or five feet apart. The crew was engaged in taking out old and putting in new cross-ties, in the execution of which a "dump-car" was carried along by them on the railroad-track for the purpose of carrying cross-ties. For the protection of the section-crew there was a flagman on the north and one on the south. It was the duty of the foreman to look out for the safety of the members of the crew and warn them of the approach of trains on both tracks. The particular work in which plaintiffs' son was engaged was that of pulling spikes which fastened the rails on the side of the track next to the tracks of the Western and Atlantic tracks, and in performing his duty he maintained a stooped position, facing south. While so engaged a freight-train of the Southern Railway, approaching from the south, was signaled to the crew, and by orders of the foreman the several members of the crew cleared the track to let the train pass. In doing so the section-hands lifted the dump-car off the track over to the west side thereof. Plaintiffs' son and the foreman, who was about 100 feet north of him, got over on the Western and Atlantic track, which was east of the Southern. In leaving the track of the Southern Railway, for the purpose of letting the freight-train pass, plaintiffs' son stepped back on the Western and Atlantic track and stood facing south, the direction from which the train was coming. As he did so he was struck and killed by a passenger-train on the Western and Atlantic track, which came unobserved by him from the north at a rate of speed not less than sixty miles an hour. At the time of the catastrophe the section-foreman was standing on the tracks about one hundred feet north, facing the direction from which the Western and Atlantic train was coming. Plaintiffs' son did not know of the approach of the Western and Atlantic train, nor could he have seen it in the position he occupied, nor could he have heard it on account of the noise made by the freight-train at which he was looking and for which he was waiting to pass, nor was he warned by the section-foreman or the flagman who had gone north to flag the train, nor did he have any opportunity to escape being struck by the train. The foreman was aware of the position which plaintiffs' son occupied, and that he did not see the train approaching from the north. The parallel tracks were habitually used by the employees of both roads, in the manner and for the purpose in which plaintiffs' son got over on the Western and Atlantic Company's track, while trains were passing on the tracks on which they were working. The custom of the employees of the respective roads to go upon the tracks of the other in the manner indicated has existed, and been known to both defendants and their respective employees engaged in operating trains, ever since the roads have maintained their parallel tracks; and the employees in charge of the Western and Atlantic Company's train that killed plaintiffs' son were aware of the practice and of the existence of the custom, and it was their duty in operating the train to exercise ordinary care and diligence to prevent the homicide. The grounds of negligence alleged against the Southern

Railway Company were as follows: (a) The foreman of the section-crew did not exercise ordinary care to observe the train approaching on the Western and Atlantic Railroad's Company's track, and did not warn plaintiffs' son of the approach of such train. (b) "The flagman sent ahead to look out for trains approaching on the Southern Railway, if any, did not warn" petitioners' son of the approach of the W. & A. train or the foreman of the section-crew, nor did he flag or notify the persons in charge of the W. & A. train. The negligence alleged against the Western & Atlantic Railroad, Company was as follows: (a) The passenger-train was run at the rate of sixty miles an hour between the blow-post and the crossing, where the defendant was bound to anticipate that employees would be on the track, and where the section-hands would likely cross over on the Western & Atlantic tracks. (b) The employees operating the engine failed to keep a lookout, and failed to blow any whistle, ring any bell, or give any warning whatever of the approach of the train. It was finally alleged that "the foregoing negligence of the said two defendants contributed to and caused the death" of plaintiffs' son. *Held:*

1. This action was brought under the employer's liability act (Civil Code § 2782 et seq.), by a father and mother, alleging that their minor son, who was an employee of one of the defendant railroad companies, had been killed by negligence. Under this act the action must be brought by the parents of the deceased employee, if any, he being unmarried and there being no administration upon his estate. *Williams* v. *Western & Atlantic R. Co.*, 142 *Ga.* 696 (83 S. E. 525).

2. The plaintiffs also joined as defendants in the action another railroad company whose track ran parallel to and near by that of the employing company, and whose negligence it was alleged concurred in producing the injury. A suit against such second company could not be brought by the father and mother of the decedent jointly, either under the general statute touching a recovery for a homicide (Civil Code, § 4424), or under the common law. As to such second company, the employer's liability act could have no application, and the father and mother of the decedent would have no joint right of action. Where a suit was brought by a father and mother against a railroad company as the employer of their son who was alleged to have been negligently killed, and they joined as a codefendant in the action another railroad company which was not the employer of the decedent and had no connection with such employer or the employment, the action was demurrable at the instance of each of the defendants for misjoinder of parties defendant, and at the instance of the second railroad company for misjoinder of parties plaintiff.

3. Relatively to the employing railroad company, a special demurrer based on the ground that there was no sufficient allegation as to the duty to give warning to the decedent of the approach of the train on the track parallel to that of the employing company was properly overruled.

4. As to such employing company, a general demurrer was properly overruled.

5. As to the second railroad company, the facts alleged do not make out a case of negligence sufficient to support an action, and a general demurrer thereto should· have been sustained.

In the case of *Southern Railway Company* v. *Smith,* the judgment ˙is *reversed* in so far as it overruled the demurrer based on the ground of misjoinder of parties defendant. In other respects it is *affirmed.* In the case of *Western and Atlantic Railroad Company* v. *Smith,* the judgment is *reversed. All the Justices concur.*

LUMPKIN and HILL, JJ., concurring specially. We are not prepared to concur in the ruling made in the last headnote, that, as a matter of law, no negligence is alleged as against the second railroad company. But the action having been brought jointly by the father and mother of the decedent, and the sole count in the petition being based in a large part upon the employer's liability act, the case can not be treated as one brought by .proper parties with proper allegations against the second company severally, and therefore we think it was subject to demurrer.

FEBRUARY 25, 1916.

Actions for damages. Before Judge Fite. Whitfield superior court. July term, 1914.

*Tye, Peeples & Jordan, Maddox, McCamy & Shumate,* and *George G. Glenn,* for plaintiffs in error.

*W. C. Martin* and *W. E. Mann,* contra.