### LAMB, receiver, *et al. v.* TUCKER *et al.*

ATKINSON, J. 1. Where by statute a term of the superior court commences on the first Monday of a given month and may continue for two weeks, and a suit is instituted the requisite time before the term, and the petition contains a prayer that process issue, requiring the defendant to appear "at the next term," to answer, etc., and the clerk attaches to the petition a process which is regular in all respects except that, by clerical error, it requires the appearance of the defendant at the court to be held on the second Monday in the month, and service is duly made on the defendant, who appears at the "next term" solely for the purpose of moving to dismiss the action for want of a valid process, and files a motion to dismiss on that ground, and on the hearing of the motion at the second term after the appearance term the judge, on motion, allows the process to be amended by striking out "second Monday" and inserting in lieu thereof "first Monday," to which amendment no objection is interposed or exception taken, it is not erroneous to refuse to dismiss the case on the ground that the process is void as returnable to an impossible term. *Richmond & Danville R. Co.* v. *Benson,* 86 *Ga.* 203 (12 S. E. 357, 22 Am. St. R. 446) ; *Baker* v. *Thompson,* 75 *Ga.* 164.

2. Where by statute a prior right of action is given to beneficiaries other than the plaintiff, the petition must negative the existence of any person who has such primary statutory right to sue. Tiffany on Death by Wrongful Act, § 182; 13 Cyc. 341; Register *v.* Harrell, 131 La. 983 (60 So. 638) ; Chocktaw R. Co. *v.* Jackson, 182 Fed. 342. The employer's liability act (Acts 1909, p. 60, Civil Code, §§ 2781, 2782), giving a right of action against railroad common carriers for negligent homicide of their employees, gives a primary right of recovery to the widow or husband or child or children of the employee, and, if there be no person of either class, then to the parents of the employee. The right to sue is given primarily to the personal representative of the deceased, the recovery to be for the benefit of persons determinable in the above order; but if there be no personal representative, then the class of persons entitled to recover may sue in their individual names. *Williams* v. *W. & A. R. Co.,* 142 *Ga.* 696 (83 S. E. 525) ; *W. & A. R. Co.* v. *Smith,* 144 *Ga.* 737 (87 S. E. 1082). Where the parents assume to sue in their own names for the homicide of their minor son, and the petition negatives the existence of all the primary classes except "child or children" of the decedent, the petition is subject to an oral motion to dismiss in the nature of a general demurrer.

(*a*) The allegation that the deceased was seventeen years of age, unmarried at the time of his death, and living with his parents as a member of their family, construed most strongly against the pleader (as the rule is in this State), did not negative the existence of children at the time of the homicide.

(*b*) In some States, where by statute pleadings are construed liberally in favor of the pleader, rulings have been made seemingly contrary to the one just stated. Jackson *v.* Lincoln Min. Co., 106 Mo. App. 441 (80 S. W. 727) ; Pries *v.* Ashland R. Co., 143 Wis. 606 (128 N. W. 281).

3. Applying the foregoing, it was erroneous to refuse to dismiss the action on motion.            *Judgment reversed. All the Justices concur.*

NOVEMBER 18, 1916.

Action for damages. Before Judge George. Ben Hill superior court. October 11, 1915.

On April 20, 1914, a petition was filed in an action against the receivers of a railroad company. To the petition was attached a process requiring the defendants to "appear at the superior court, to be holden for the county, . . on the 2nd Monday of October, next," etc. According to the statute (Acts 1906, p. 50) the October term of that court did not begin on the second Monday, but it was provided that the term should begin on the first Monday, and might continue for two weeks. The defendants appeared at the October term and filed a motion to dismiss the petition, on the ground that the process was made returnable to an impossible term of court, and therefore was void. The motion alleged that the defendants appeared solely for the purpose of making the motion to dismiss. No action was taken upon the motion, but at the next succeeding October term the court, on motion of the plaintiff, allowed the process to be so amended as to be returnable on the first Monday of October, 1914. At the same time the court allowed two amendments to the petition, having reference to the merits of the case. The defendants, so far as appears, interposed no objection to the allowance of any of the amendments. Afterward the case came on for trial at the October term, 1915, and the defendants made an oral motion to dismiss it on the ground that the petition "did not set forth any cause or right of action against the defendants." Upon consideration, both motions to dismiss were overruled. In the bill of exceptions error is assigned only upon the overruling of the motions to dismiss. According to the allegations of the petition, the action was instituted by a mother, for the homicide of her son, 17 years of age, who had been employed by the receivers of the railroad company, upon whom she was depend-

ent, and who contributed to her support. At the time of the homicide the boy was living at the home of his parents, and was unmarried. By one of the amendments his father was made a party plaintiff. In regard to the circumstances of the homicide and the negligence of the defendants the petition set forth allegations in detail, which are not material to this report, in view of the rulings in the second division of the syllabus, supra.

*Bolling Whitfield, Elkins & Koplin,* and *J. B. Wall,* for plaintiffs in error. *F. G. Boatright* and *Clayton Jay,* contra.