12120. DELLINGER *v.* ELM CITY COTTON MILLS *et al.*

HILL, J. Under the Civil Code (1910), § 4424, which provides that "a mother, or, if no mother, a father, may recover for the homicide of a child, minor or sui juris, upon whom she or he is dependent, or who contributes to his or her support," the right to bring the action is primarily in the mother, and the father has no right of action if the mother is in life when the homicide occurs. Therefore, when a father brings a suit for the homicide of his son, to recover damages for the full value of the son's life, and the petition fails to allege that the mother was dead at the time of the homicide, no cause of action is shown in the father. For this reason the petition in this case was properly dismissed on demurrer. Direction is given that the plaintiff be allowed to amend the petition by making the necessary allegation as to the death of the mother. *Bilbro* v. *Jones,* 102 *Ga.* 161 (29 S. E. 118); *Robinson* v. *Georgia Railroad Co.,* 117 *Ga.* 168 (43 S. E. 452, 60 L. R. A. 555, 97 Am. St. Rep. 156); *Frazier* v. *Georgia R. Co.,* 96 *Ga.* 785 (22 S. E. 936).

The assignments of error as to the judgment on the special demurrers are not passed upon.

*Judgment affirmed with direction. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 2, 1921.

Action for damages; from city court of LaGrange — Judge Duke Davis. December 14, 1920.

*E. T. Moon, Haynes & Jones,* for plaintiff.

*Frank U. Garrard, Lovejoy & Mayer, A. H. Thompson, A. S. Bradley,* for defendant.