19592. BUTTS *v.* CITY OF MOULTRIE *et al.*

BROYLES, C. J. 1. Under the section of the code which provides that a mother may recover for the homicide of a child, minor or sui juris, upon whom she is dependent and who contributes to her support, *unless such child leave a wife, husband, or child* (Civil Code of 1910, § 4424), a mother has no right to sue for the homicide of ·her son where he leaves a wife or child, and, where she does so sue, her petition must affirmatively allege that her son left no wife or child, or it is subject tó be dismissed on general demurrer.

(*a*) The allegations in the petition, that her son was eighteen years of age, that she was dependent on him for support, and that he contributed to her support, construed (properly) most strongly against the pleader, did not negative the existence of a wife or child at the time of the homicide. *Lamb* v. *Tucker,* 146 *Ga.* 216 (2) (91 S. E. 66); *Dellinger* v. *Elm City Cotton Mills,* 26 *Ga. App.* 780 (107 S. E. 264).

2. The petition, properly construed (most strongly against the plaintiff), clearly discloses that the deceased, by the exercise of ordinary care, could have avoided the homicide.

3. Under the above-stated rulings the court properly dismissed the petition on general demurrer.

> Judgment affirmed. *Luke and Bloodworth, JJ., concur.*
> DECIDED MAY 15, 1929.

*L. L. Moore, M. D. Wilson,* for plaintiff.
*Waldo DeLoache, Hoyt H. Whelchel,* for defendants.