20435. WESTERN & ATLANTIC RAILROAD *v.* ALLGOOD.

DECIDED MAY 14, 1930.

LUKE, J. Mrs. Addie Lee Allgood brought her action for damages in two counts against the Western & Atlantic Railroad for the alleged negligent killing of her eighteen-year-old son by one of defendant's trains at a street-crossing in the City of Marietta. On September 6, 1929, the defendant demurred generally and specially to each count of the petition. On February 8, 1930, after both counts of the petition had been amended, the court overruled the demurrer on each and every ground thereof. This judgment, and this judgment alone, is excepted to.

On September 15, 1930, the plaintiff amended the petition by striking count 2 therefrom and substituting therefor another count, denominated "count 2." So far as appears from the record, this last amendment was made without objection, and after it was allowed and ordered filed no demurrer thereto was filed, nor was the original demurrer renewed. The said amendment, which is material and supersedes the original count 2 of the petition, is in no way attacked by plaintiff in error. Therefore there is nothing for this court to consider so far as count 2 is concerned.

The only part of the demurrer to count 1 of the petition, insisted upon by the plaintiff in error, is its general demurrer. In this connection it is insisted that the demurrer is good because the petition failed to allege that the petitioner's minor son did not leave surviving him a wife or child. The point is well taken. "Under the section of the code which provides that a mother may recover for the homicide of a child, minor or sui juris, upon whom she is dependent and who contributes to her support, *unless such child leave a wife, husband, or child* (Civil Code of 1910, § 4424), a mother has no right to sue for the homicide of her son where he leaves a wife or child; and, where she does so sue, her petition must affirmatively allege that her son left no wife or child, or it is subject to be dismissed on general demurrer." *Butts* v. *Moultrie,* 39 *Ga. App.* 685 (148 S. E. 278). See also *Dellinger* v. *Elm City Cotton Mills,* 26 *Ga. App.* 780 (107 S. E. 264) ; *Lamb* v. *Tucker,* 146 *Ga.* 216 (2) (91 S. E. 66). Therefore the court committed reversible error in overruling the demurrer to count 1 of the petition.

Since the defendant in error has the undoubted right to amend his petition at any time before the judgment of this court is made the judgment of the trial court, there is no occasion for this court to give direction that the petition may be amended. See *Berrien County Bank* v. *Alexander,* 154 *Ga.* 777 (115 S. E. 648), and cit. *Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*