26465. CAMPBELL, admr., *v.* WESTERN & ATLANTIC RAILROAD.

GUERRY, J. 1. Where a wife sues for the homicide of her husband, as provided in the Code, § 105-1302, and during the pendency thereof dies, the action survives in the first instance to the children of the deceased if any be in life. § 105-1303. In such a case, if there be no children, the action survives "to the personal representative of the deceased plaintiff." § 3-505.

2. Upon the death of a wife suing for the homicide of her husband, the suit does not abate, but is suspended. However, nothing further can properly be done in the action until the person or persons in whose favor the action survives is brought or voluntarily appears before the court by proper proceedings. *Irwin* v. *Shuford,* 144 *Ga.* 532 (87 S. E. 674). Where the action survives to the administrator of the deceased plaintiff, it would seem that, being charged with the duty of prosecuting the pending action of the deceased, he should voluntarily and on his own motion appear before the court and be made a party thereto, which should be done by an order of the court, and not an amendment of the petition striking the deceased's name therefrom (*Towns* v. *Mathews,* 91 *Ga.* 546 (2), 17 S. E. 955); and in default of doing so within a reasonable time the case may be dismissed for want of prosecution. *Anderson* v. *Cary,* 89 *Ga.* 258 (15 S. E. 309). However, in a case of this character, the administrator of the deceased plaintiff is not the proper party to proceed with the suit, unless it be shown that there are no living children of the deceased. See Code, § 3-505; *Dellinger* v. *Elm City Cotton Mills,* 26 *Ga. App.* 780 (107 S. E. 264); *Butts* v. *Moultrie,* 39 *Ga. App.* 685 (148 S. E. 278); *Western & Atlantic R.* v. *Allgood,* 41 *Ga. App.* 484 (2) (153 S. E. 442); *Lamb* v. *Tucker,* 146 *Ga.* 216 (2) (91 S. E. 66); *Clements* v. *Pollard,* 53 *Ga. App.* 544 (186 S. E. 587). And where the administrator of the deceased plaintiff appeared and was made a party, and the defendant subsequently made a motion to dismiss the suit because the administrator had not shown that there were no children of the deceased to whom the action would survive, and where upon the hearing of this motion it appeared that there were children of the deceased father to whom the action should survive, the proper procedure would have been for the trial judge not to dismiss the petition, but to refuse to allow the suit to proceed at the instance of such administrator (see *Neal* v. *Heard,* 125 *Ga.* 441, 54 S. E. 99; *Glisson* v. *Carter,* 28 *Ga.* 516), and thereupon to issue a rule calling on such children to show cause on a named day why they should not be made parties thereto, and in default thereof the petition be dismissed. Code, § 3-404. Thus, while the judge may have committed error in dismissing the suit because the administrator of the deceased plaintiff was not a proper party to proceed therewith, yet it is apparent that since such administrator was not a proper party and had no interest therein, he has no reason to complain of the dismissal of the suit. Therefore his exceptions in the present writ of error are clearly without merit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JANUARY 14, 1938.

*C. H. Dalton, Hardin & McCamy,* for plaintiff.
*Walton Whitwell, D. W. Mitchell,* for defendant.