TRUCK TRAILER SALES AND SERVICE Co., et al. *v.* MOORE, et al.

No. 42329      May 14, 1962      141 So. 2d 541

318

*Snow, Covington, Shows & Watts,* Meridian, for appellants.

*Ethridge, Minniece & Bourdeaux, Thomas R. Jones,* Meridian, for appellees.

Kyle, J.

This case is before us on appeal by Truck Trailer Sales and Service Company and its insurance carrier from a judgment of the Circuit Court of Lauderdale County affirming an order of the Mississippi Workmen's Compensation Commission awarding compensation or death benefits under the Mississippi Workmen's Compensation Act to Ed Moore, the dependent father, and T. C. Moore and D. C. Moore, dependent minor brothers of Mannie Moore, deceased, an employee of Truck Trailer Sales and Service Company, who was drowned on June 2, 1960, while working for his employer on a lake-clearing project near Meridian, Mississippi.

At the time of his death Mannie Moore was living with his sister, Desiree Roberts, a short distance south of the City of Meridian. His mother had predeceased him. His father and his two minor brothers were living on a farm in Kemper County, and according to the testimony of the witnesses, the father and the two minor brothers were being supported out of Mannie's earnings. Mannie had lived with his father in Kemper County practically all of his life prior to his marriage to Bertha Roberts in 1955. That marriage was of short duration; and after Mannie's separation from Bertha in 1958 or 1959, he lived with his father a part of the time and furnished the main support for the family, although he was staying with his sister, Desiree Roberts, in the City of Meridian at the time of his death.

It appears from the record that Ed Moore died on March 18, 1961, prior to the rendition of a decision by the attorney-referee; and that on March 24, 1961, the employer and its insurance carrier filed a motion to abate the claim of Ed Moore for compensation as a dependent of Mannie Moore. The motion was overruled by the attorney-referee.

The attorney-referee found that Mannie Moore's death was incurred in the course of his employment and as a result of his employment, and that his death was compensable within the meaning of the Mississippi Workmen's Compensation Act, as amended; that the decedent's average weekly wage was $35.45; and that the only questions at issue were, who were entitled to death benefits as dependents, and to what extent. The attorney-referee found that Mannie and Bertha Roberts entered into a ceremonial marriage in 1955 and lived together until March 1959, at which time they separated; that Bertha had been married twice before her marriage to Mannie, and had never been divorced from either of her former husbands; and that Bertha, according to her own testimony, at the time of the hearing

was living in Kemper County with another man and had been living with him for about one year as man and wife. The attorney-referee found from the evidence adduced on behalf of the claimant that Ed Moore, the father, and the two minor brothers of the deceased were totally dependent upon the deceased for their support. The attorney-referee found that Ed Moore, however, had died, since the filing of the claim for compensation.

The attorney-referee therefore ordered that the employer, Truck Trailer Sales and Service Company, and its insurance carrier pay to Ed Moore, the father of the deceased, and the two minor brothers compensation or death benefits, "as provided by Section 9 of the Mississippi Workmen's Compensation Act, as amended, subject to Section 6(b) of said act, as amended, which provides maximum and minimum weekly benefits in the case of total dependency." The attorney-referee also ordered that the employer and its insurance carrier pay to the above mentioned dependents of Mannie Moore penalties in accordance with Section 13(e) of the Workmen's Compensation Act (Section 6998-19(e), Mississippi Code of 1942, Rec.).

The attorney-referee further ordered that a guardian be appointed by the court for T. C. Moore and D. C. Moore, minors, to receive compensation payable to them, and that the compensation due Ed Moore be paid to such proper person as should qualify to accept said payment.

The award thus made by the attorney-referee was affirmed by the Commission on June 28, 1961. From that order the employer and its insurance carrier prosecuted an appeal to the circuit court; and that court on October 10, 1961, entered a judgment affirming the order of the Commission. From that judgment the employer and its insurance carrier have prosecuted this appeal, and have assigned as errors the following: (1) That the attorney-referee and the Commission erred in their

finding that Ed Moore, T. C. Moore and D. C. Moore were wholly dependent upon Mannie Moore at the time of his death; (2) that the finding of the attorney-referee and the Commission that the appellees were wholly dependent upon Mannie Moore is not supported by substantial evidence; (3) that the Commission and the circuit court erred in overruling the appellants' motion to abate the claim of Ed Moore; (4) that the Commission abused its discretion in assessing the ten per cent penalty provided for in Section 13(e) of the Workmen's Compensation Act, and the circuit court erred in approving the assessment of said penalty; and (5) that the Commission and the circuit court erred in failing to specify how much weekly compensation should be paid to each of the claimants.

After a careful review of the record we think there is ample evidence in the record to support the finding of the attorney-referee and the Commission that Ed Moore and the two minor brothers of the deceased Mannie Moore were wholly dependent upon Mannie Moore at the time of his death. The testimony of the witnesses shows that Ed Moore was in poor health and had not been gainfully employed during the two years next preceding his death; that Ed and the two minor children were living in a rent-free house on a farm in Kemper County in 1960; and that Mannie furnished money and supplies for their support; and under well-settled rules of this Court the findings of the Commission, if supported by substantial evidence, will not be disturbed by us on appeal.

There was no error in the action of the attorney-referee and the Commission in overruling the appellant's motion to abate the claim of Ed Moore on account of Ed's death on March 18, 1961. Ed Moore's right to compensation as a dependent parent of the deceased accrued at the date of the death of Mannie Moore.

It is generally held that installments of Workmen's Compensation which were due, but unpaid, at the time of the death of the beneficiary constitute assets of his estate, in the absence of any provision to the contrary. 58 Am. Jur., 931, Workmen's Compensation, Sec. 578. As stated by the North Carolina Court in the case of Inman v. Meares, 101 S. E. 2d 692, we have no decision of this court previously decisive of the question. But by the weight of authority in other jurisdictions it is generally held that a claim for compensation which has accrued, but is unpaid at the time of the death of the employee constitutes an asset of his estate, in the absence of any provision to the contrary. See Inman v. Meares, supra, and cases cited.

■■ ■ We also think that there was no error or abuse of discretion on the part of the attorney-referee and the Commission in assessing the ten per cent penalty provided for in Section 13(e) of the Workmen's Compensation Act (Section 6998-19(e), Code of 1942, Rec.). The appellees' claim for compensation was filed about 2½ months after the death of the deceased, and was controverted by the appellants immediately thereafter. No compensation was paid to the appellees within 14 days after it became due, nor did the appellants controvert the claim within 14 days, as required by Section 13(d) of the Act (Code Section 6998-19(d), supra). The Commission therefore had a right to assess the ten per cent penalty provided for in said Section 13(e); and to make the same applicable to all installments of compensation that became due between the date of the first installment and the date of the attorney-referee's award on April 20, 1961.

Finally, it is argued that the Commission should have stated specifically whether the provisions of Section 6(b) of the Workmen's Compensation Act, as amended (Section 6998-07(a), Code of 1942, Rec.), fixing the minimum amount of compensation to be paid in cases

of total dependency at $10 per week, was applicable to each dependent or to the aggregate of all dependents. Section 6(b) of the Act, as amended, provides as follows: "(b) Maximum and Minimum Weekly. Compensation for disability or in death cases shall not exceed thirty-five dollars ($35.00) per week, nor shall it be less than ten dollars ($10.00) per week, except in partial disability cases and in partial dependency cases."

We think the only reasonable interpretation that can be placed on the language used in that subsection is that the total amount of weekly benefits to be paid by the employer in totally dependent cases, regardless of the number of dependents, shall not be less than $10 per week. Section 9(e) of the statute (Code Section 6998-13) provides that, for the support of brothers and sisters, and for the support of each parent or grandparent, in case of total dependency, the amount of weekly benefits shall be 15 per cent of the average weekly wages of the deceased, which in this case will amount to $5.32 for each of the three dependents. The aggregate amount of the weekly payments to be made to the three dependents in this case during the period from June 2, 1960 to March 18, 1961, will be $15.96. The aggregate amount of the weekly payments to be made to the two minor dependents after the death of Ed More will be $10.64. Neither amount is less than $10. For that reason the provisions of Section 6(b) do not affect the amounts to be paid in this case. We find no reversible error in the record and the judgment of the lower court is therefore affirmed and the cause remanded to the Commission for the enforcement of the award.

Affirmed and remanded.

*Lee, P. J.,* and *Gillespie, McElroy* and *Jones, JJ.,* concur.