Marjorie Annabelle PARKER, Administratrix of the Estate of Martha Elizabeth Gullett, Deceased, Petitioner,

v.

NATIONAL ZINC COMPANY, Hartford Accident and Indemnity Company and The State Industrial Court, Respondents.

No. 41069.

Supreme Court of Oklahoma.

Sept. 28, 1965.

Claud Briggs, Oklahoma City, Leonard Geb, Ponca City, for petitioners.

Covington & Gibbon, A. M. Covington, David Winslow, Tulsa, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

WILLIAMS, Justice.

This is an original proceeding by Marjorie Annabelle Parker, administratrix of the estate of Martha Elizabeth Gullett, deceased, for review of an order of the State Industrial Court denying the estate an award against National Zinc Company and its insurance carrier, Hartford Accident and Indemnity Company, under the death benefit provisions of the Workmen's Compensation Act.

The administratrix will be referred to as claimant and the National Zinc Company and its carrier as respondents.

The record discloses that on January 11, 1960, Martha Elizabeth Gullett filed a claim before the Industrial Court alleging that she was the surviving wife and sole dependent heir of Harry Franklin Gullett who received an accidental personal injury arising out of and in the course of his employment with National Zinc Company on December 10, 1954, by the inhalation of furnace fumes which resulted in a pulmonary disease; that as a further result of said accident he died December 25, 1959.

The Industrial Court did not take any action until February 17, 1964, for the reason that prior to that time there was litigation pending before this court the result of which would have a bearing on the claim. Martha Elizabeth Gullett died April 11, 1963, and on January 2, 1964, claimant was appointed administratrix of her estate. On January 6, 1964, claimant filed an application for revivor of the claim, as administratrix, for the benefit of the estate.

It was stipulated by the parties at the hearing that at the time of death of Harry Franklin Gullett, Martha Elizabeth Gullett was his sole dependent heir.

Claimant testified she was the daughter of Martha Elizabeth Gullett and the stepdaughter of Harry Franklin Gullett; that she was not dependent upon him during his lifetime; that he had settled, on joint petition, his claim for the injury sustained December 10, 1954, and that he did not engage in any employment from the date of the injury to the time of his death.

Dr. Mac testified for claimant by written report. He stated that Gullett remained totally and permanently disabled for the performance of ordinary manual labor from the time of the accident to the time of his death; that the cause of death was arteriosclerotic heart disease with severe emphysema as a contributing factor and that the death was a result of the accident on December 10, 1954.

Dr. D testified on behalf of respondents by written report. It was his opinion that the breathing of "some fumes" by Gullett on December 10, 1954, could not "remotely be connected with his death five years later."

The respondents also introduced into evidence a written report by Dr. M, dated June 15, 1956, wherein he stated he examined Gullett on June 12, 1956, relative to the accident of December 10, 1954, and that he had sustained no permanent disability as a result thereof.

On March 31, 1964, a trial judge of the Industrial Court entered the following order:

"That the deceased, Harry Franklin Gullet, received an accidental personal injury arising out of and in the course of his hazardous employment with the above named respondent on December 10, 1954, and was, as result of said injuries, totally and permanently disabled until his death, a period of five years and fifteen days from the date of the accident, on December 25, 1959, when he died as a result of the forementioned injuries.

"That the deceased, Harry Franklin Gullett, left surviving him as his sole and only dependent heir, his wife, Martha Elizabeth Gullett, who continued to be a dependent heir until on her death on April 11, 1963.

"That said Martha Elizabeth Gullett caused to be filed herein a claim for death benefits, as provided by statute, on January 11, 1960, within less than one year of date of her husband's death.

"That the determination of the claim of Martha Elizabeth Gullett before this Court was delayed because of litigation pending in the Supreme Court that would have a direct bearing on this claimant's right to receive the death benefits. That during this interim Martha Elizabeth Gullett died intestate, on or about April 11, 1963, without having her case adjudicated. Subsequently, an Administratrix, Marjorie Annabelle Parker, was appointed to the Estate of Martha Elizabeth Gullett and on January 3, 1964, within less than one year following the death of Martha Elizabeth Gullett, caused to be filed an application for revivor claiming the death benefit proceeds for the use and benefit of the Estate of Martha Elizabeth Gullett.

"That Marjorie Annabelle Parker, Administratrix of the Estate of Martha Elizabeth Gullett, is a proper party to bring an action in revivor and that the claim could properly be revived in the name of the Administratrix of the Estate of Martha Elizabeth Gullett, but since the record is devoid of any evidence indicative of any person or class of persons designated by statute as heirs-at-law and who have suffered any pecuniary loss or otherwise designated by statute as being competent to participate in death benefit proceeds as provided by statute, the claim herein filed is denied.

"WHEREFORE, as revivor in the name of the Administratrix of the Estate of Martha Elizabeth Gullett, surviving widow, claim herein is denied."

Both parties appealed from the order to the court en banc where it was affirmed.

Claimant contends that on the death of Harry Franklin Gullett, Martha Elizabeth Gullett, as his sole dependent heir, became vested with the right to an action to recover death benefits under the Workmen's Compensation Act; that her death did not "alter or erase" that right; that it survived her and became an asset of her estate; that it

is not required in this instance that a "dependent heir at law" survive in order for the claimant, as administratrix, to be entitled to an award for the benefit of said estate and that under the findings of fact by the Industrial Court and the evidence, the estate is entitled to an award of $13,500.00.

It is respondents' position that "there were no dependents (of Gullett) at the time of the *hearing*. This claim was presented by and for one who was not dependent upon the decedent or her mother. The Oklahoma Workmen's Compensation Act only allows dependents to receive death benefits. Therefore as the only dependent, the wife, had demised and makes no claim, no award could be sought by anyone not a dependent * * * In other words, when the claimant elects to go ahead with the trial there were no dependents to whom the award should go. It is not an estate matter." (Emphasis ours).

This is a case of first impression and we think the single question to be determined is whether a claim for death benefits under the Workmen's Compensation Act survives upon the death of the sole beneficiary during the pendency of litigation and whether the award, if any, should be paid to the beneficiary's estate.

12 O.S.1961 § 1051 provides:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person * * * shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same."

12 O.S. 1961 § 1052 provides in part:

"No action pending in any court shall abate by the death of either or both the parties thereto * * *."

12 O.S.1961 § 1053 states:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action

therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action had he lived, against the latter, or his representative, for an injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased."

12 O.S.1961 § 1054 provides:

"In all cases where the residence of the party whose death has been caused as set forth in the preceding section of this article is at the time of his death in any other State or Territory, or when, being a resident of this State, no personal representative is or has been appointed, the action provided in the said section may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

The death benefit provisions of the Workmen's Compensation Act were adopted as a substitute remedy for the Wrongful Death Statute insofar as causes of action arise from death of workers employed in hazardous occupations. Oklahoma State Highway Department v. Nash, Okl., 297 P.2d 412; Pawhuska Feed Mills v. Hill, Okl., 289 P.2d 671; Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P. 2d 1134. Sections 1053 and 1054 of 12 O. S.1961, commonly referred to as the Wrongful Death Statute, remained in force after the passage of the Death Benefit Act, and except as may have been modified by said Act, they control in compensation proceedings for an accidental injury which results in death. Roberts v. Merrill, Okl., 386 P. 2d 780; Willis v. Capitol Well Servicing Co., Okl., 285 P.2d 388; Capitol Steel & Iron Co. v. Fuller, supra. The same persons who could have brought an action under the provisions of 12 O.S.1961 § 1053, prior to the amendment of Art. XXIII, Sec. 7, Oklahoma Constitution, may now main-

tain a proceeding for death benefits under the Workmen's Compensation Act. Quigley v. State Industrial Commission, Okl., 298 P.2d 415; Sample v. State Industrial Commission, Okl., 262 P.2d 889, 890. Likewise, the only parties entitled to participate in a recovery under the death benefit provisions of the Workmen's Compensation Act are the same as those entitled to share in the recovery in a wrongful death action. Flanigan v. Lincoln Construction Company, Okl., 288 P.2d 1112.

Therefore, in view of the above authorities, the question arises, whether an action for wrongful death abates upon the death of the statutory beneficiary during the pendency of litigation. We hold it does not.

In the case of City of Shawnee v. Cheek, 41 Okl. 227, 137 P. 724, 51 L.R.A.,N.S., 672, the facts were that Thompkins Cheek, age 9, drowned while playing in an abandoned pump house owned by the City of Shawnee. James Cheek, father of the deceased child, filed a petition for damages for the "wrongful death" of his son. Before the case was heard, the father, the original plaintiff, died. The action was revived in the name of Fannie W. Cheek, as administratrix of the estate of James Cheek, deceased. A verdict for the substituted plaintiff was returned by the jury. The City of Shawnee appealed and for reversal of the verdict urged, among other things, that the right of action for the death of the son "was personal to and expired with the original plaintiff, the father of the decedent; that it was not susceptible of revivor for the reason that it did not exist after the death of the original plaintiff."

This court, after discussing the four above cited sections of 12 O.S.1961 (which at the time of the opinion were cited as §§ 4311, 4312, 4313 and 4314, Stat.1893 [or §§ 5279, 5280, 5281 and 5282, Rev.Laws 1910], said that § 4313, Stat.1893 (12 O.S. 1961 § 1053) "stamps with the character of 'estate' or *property right* the *pecuniary interest* of the father in the life of the child, *at the time of the wrongfully caused death*

of the latter, which the former is allowed to recover." (Emphasis ours.) It is quoted language used in a New Jersey case cited therein, Cooper v. Shore Electric Co., 63 N.J.Law, 558, 44 A. 633, as follows:

"* * * It is also clear that the pecuniary injury to be compensated for is that of the widow * * * at the time of the death of the deceased, and that the cause of action created by the statute inures to such persons as a vested right. By this statute a property right is created in the beneficiary of such a nature as would give the action the quality of survivorship * * *. * * * But the death of the beneficiary pending suit cannot be made available to abrogate the liability of the wrongdoer incurred for the pecuniary injury already sustained. The right to compensation vested in the benficiary immediately upon the death of the deceased."

See also, White v. Atchison, T. & S. F. Ry. Co., 125 Kan. 537, 265 P. 73, 59 A.L.R. 749.

The court went on to hold that a cause of action for wrongful death possesses the "quality of survivability", is not extinguished or abated by the death of the beneficiary, may be revived in the name of the beneficiary's administrator, and the damages, if any, when collected, may be paid to the beneficiary's estate.

In the case of Van Beeck, Administrator v. Sabine Towing Co., Inc., 300 U.S. 342, 57 S.Ct. 452, 81 L.Ed. 685, a mother brought an action for the wrongful death of her son, who was a seaman for Sabine Towing Co. The mother died during the pendency of the suit and an administrator was substituted as claimant. A commissioner gave an award for the use of her estate. A United States District Court dismissed the claim on the ground that at her death the liability abated. The Court of Appeals for the Fifth Circuit affirmed the dismissal. In reversing the lower court, the Supreme Court of the United States said:

"Viewing the cause of action as one to compensate a mother for the pecu-

niary loss caused to her by the negligent killing of her son, we think the mothers' death does not abate the suit, but that the administrator may continue it, for the recovery of her loss * * *, the damages when collected to be paid to her estate. Such is the 'rule in many of the state courts in which like statutes are in force. It is the rule in New York, in Pennsylvania, in New Jersey, in Oklahoma. * * *."

The Court in that opinion referred to the City of Shawnee v. Cheek, case, supra.

■ We feel this court's reasoning in its decision in the Cheek case, supra, and the other cited authorities, is applicable to the death benefit provisions of the Workmen's Compensation Act because they place a death benefit proceeding on equal footing with an action for wrongful death and make the former a substituted remedy for the latter. Roberts v. Merrill, supra, and Capitol Steel & Iron Co. v. Fuller, supra.

Respondents argue that:

"Under the death benefit provisions of the Workmen's Comepnsation Act, no recovery can be had for death of an employee by claimant who has suffered no pecuniary loss thereby and who was not dependent upon the deceased."

The claimant was Martha Elizabeth Gullett. She was the one who suffered a pecuniary loss. Under the rule of the Cheek case her pecuniary interest became vested in her at the time of his death and it survived her death. She was the sole beneficiary and that interest did not abate on her death. It was revived in the name of her administratrix, Marjorie Annabelle Parker, for the use and benefit of the deceased's estate. To hold otherwise in this case would be to bar a class of persons from pursuing a remedy before the State Industrial Court or any other court which prior to enactment of the death benefit provisions was not excluded from access to the courts. Roberts v. Merrill, supra. To so hold could also open an avenue for delays in hearings if the hearing date were to become the criterion for establishing liability to beneficiaries under the death benefit provisions.

■ The Industrial Court found that the deceased employee died as a result of his accident and left surviving him as his sole heir, Martha Elizabeth Gullett; that she filed her claim for the death benefits as provided by law; that Marjorie Annabelle Parker was appointed administratrix of her estate; that she was a proper person to revive the claim and that the claim could be properly revived in her name as administratrix.

We hold there is sufficient evidence to support that part of the trial court's order. But for the reasons above given, the part of the order denying the claim is vacated and the trial court is directed to enter an award in the sum of $13,500.00 to Marjorie Annabelle Parker, Adminstratrix of the estate of Martha Elizabeth Gullett, deceased.

JACKSON, V. C. J., and DAVISON, IRWIN, HODGES and LAVENDER, JJ., concur.

HALLEY, C. J., and BLACKBIRD and BERRY, JJ., dissent.