LOWELL E. CARLSON's (dependent's) CASE.

Suffolk.    December 4, 1968. — January 3, 1969.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Workmen's Compensation Act*, Dependency compensation.

Where it appeared in a proceeding under the Workmen's Compensation Act, G. L. c. 152, that the employee suffered an injury arising out of and in the course of his employment, and died as a result of his injury leaving his widow as his only dependent, and that she subsequently died without dependents prior to any award of compensation to her by the Industrial Accident Board, it was held that under § 31 of the act, as amended through St. 1964, c. 446, her estate was entitled to dependency compensation from the date of the employee's death to the date of her death.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Tisdale, J.*

The case was submitted on briefs.

*Philander S. Ratzkoff* for the insurer.

*Anthony D. Pompeo* for the claimant.

WILKINS, C.J.    Lowell E. Carlson suffered an injury in the course of and arising out of his employment, which led to his death on January 10, 1961. His only dependent was his widow. On September 29, 1965, the single member of

the Industrial Accident Board found that there was no causal relationship between his work and his death, and dismissed the widow's claim. Her claim for review was heard by the reviewing board on November 8, 1965. The widow died on October 21, 1966. On July 11, 1967, the reviewing board filed its findings and decision, reversing the single member, and ordered the insurer to pay her estate dependency compensation from January 10, 1961, to October 21, 1966, in the total amount of $9,042.86, with interest. G. L. c. 152, § 31. This is an appeal by the insurer from a final decree of the Superior Court ordering the insurer to make payment to the widow's estate.

The one contention of the insurer is that the claim for dependency compensation abated upon the death of the widow prior to any administrative award in her favor, and did not survive her death. This raises an issue of first impression in this Commonwealth.

General Laws c. 152, § 31 (as amended through St. 1964, c. 446), in the form in effect on October 21, 1966, provided that upon the death of a widow any benefits which would have been payable to or for her own use and for the benefit of all children of the employee shall be paid in equal shares to all the surviving children of the employee. The insurer argues that this requires an interpretation that when a widow dies without dependents, the claim lapses. Likewise it must be noted that also under an ancestor statute of § 31, namely St. 1911, c. 751, II, § 6, as amended by St. 1914, c. 708, § 2, the compensation benefits were personal and lapsed with the death of the sole dependent. Yet if the dependent died after an award, but, pending appeal, before payment, the dependent's estate became entitled to the benefits from the date of death of the employee to the date of death of the dependent. *Murphy's Case*, 224 Mass. 592, 596. *Bartoni's Case*, 225 Mass. 349, 353.

The fact that in the case at bar the dependent widow died before any administrative award is, in our opinion, a distinction without substantial difference. The award does not become pointless. The widow's support during

her survival may have been provided by herself or her living expenses may have been received from elsewhere. Whichever it was, it is our opinion that the Legislature never intended that the insurer should be given, by way of bonus, an exoneration from payment of the amount of a posthumous award.

Sound public policy would frown upon a statutory interpretation which places a premium upon delay in administrative or judicial proceedings. Here there was a very long interval without disclosed reason during which the widow was seeking the award to which events demonstrated she was entitled. Death proved swifter than justice in quest of a collectable award.

In the absence of any clear provision in the Workmen's Compensation Act, a claim of abatement, such as is sought by the insurer, must be rejected. This conclusion is not a frustration of statutory intent by disregarding the classes of alternate beneficiaries designated in G. L. c. 152.

The final decree is affirmed. Costs and expenses of appeal shall be allowed by the single justice.

*So ordered.*