In re Estate of Pardiew: Pardiew, Appellee, v. Keller, Admr., Bureau of Workmen's Comp., et al., Appellants.

(No. 1318—Decided February 3, 1969.)

*Mr. Sam F. Spoerl, Jr.,* for appellee.
*Mr. William B. Saxbe,* attorney general, *Mr. Walter J. Howdyshell* and *Mr. William M. Culbert,* for appellant Elmer Keller, Administrator, Bureau of Workmen's Compensation.

Shannon, J. This is an appeal on questions of law from a decision of the Court of Common Pleas that plaintiff administratrix, appellee here, is entitled to share in the State Insurance Fund.

The facts in the case are not in dispute. On December 29, 1965, Marion C. Pardiew was injured in the course of his employment and, on January 13, 1966, died as a result of those injuries. At the time of Marion C. Pardiew's death, his mother, Catherine C. Pardiew, was wholly dependent upon and living with him. Catherine C. Pardiew survived her son by only six weeks, dying on February 25, 1966.

Following the death of Mrs. Pardiew, her estate made claim for death benefits on account of the death of her son, and the administrator of the bureau allowed such claim but only to the extent of paying necessary medical

and hospital expenses and the statutory funeral allowance. It is conceded, and the administrator so found, that there were no surviving dependents.

After appeal to the Regional Board of Review, which modified the order to include a support allowance for the six weeks between the respective deaths, and the Industrial Commission, the Court of Common Pleas reviewed the claim and rendered its decision in favor of the estate, finding that the reasonable interpretation of Section 4123.-59 (D) (2) of the Revised Code is that a surviving parent have a minimum of three thousand dollars for the loss sustained.

The resolution of the issues here involved requires that we establish first the purpose of the Workmen's Compensation Law. The appellee urges that it be construed to be an insurance fund from which payments are to be made and in no sense a pension fund. This theory was set forth in *State, ex rel. Munding*, v. *Industrial Commission*, 92 Ohio St. 434, a decision rendered in 1915 and later overruled. However, we hold that Section 35, Article II of the Constitution of Ohio determines the immediate question:

"For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. * * *"

Consequently, the allowance to the estate of the deceased Catherine C. Pardiew by the administrator of the bureau of only the medical, hospital and funeral expenses was erroneous to the extent that it failed to recognize fully the dependency of Mrs. Pardiew. This error was corrected by the Regional Board of Review by its award, based upon the wages of Marion C. Pardiew, for the period between his death and date of the death of his mother.

Appellee does not contend that the two married sisters of Marion C. Pardiew surviving qualify as dependents. Rather, the argument advanced is that the Legislature

intended to vest a minimum sum, to wit, three thousand dollars, in a surviving parent.

Taking the purpose of the law as expressed in the Constitution as a point of departure, it seems apparent that the right to compensation exists only so long as dependency exists.

The effect of the language contained in Section 4123.-59, Revised Code, that "It shall be presumed that there is sufficient dependency to entitle a surviving natural parent or surviving natural parents, share and share alike, with whom the decedent was living at the time of his death, to a total minimum award of three thousand dollars," is to establish the least amount of compensation, payable in weekly installments, to which a *surviving* natural parent or parents of a deceased workman would be entitled.

In this context, it must be noted that Section 4123.52, Revised Code, confers continuing jurisdiction upon the Industrial Commission over awards of compensation, including the power to modify or change its findings and orders. Consequently, dependency, or the degree thereof, is a matter subject to review as circumstances may require but the award is subject to the minimum and maximum set forth in the Code. Obviously, this augurs against the theory that the intention of the Legislature was to *vest* the minimum sum in the surviving parent and that such becomes a property right upon death of the workman.

The Supreme Court stated the rule in *State, ex rel. Crawford, Exr.,* v. *Industrial Commission,* 110 Ohio St. 271, which our search of authorities leads us to conclude is yet the law in Ohio and governs this case:

"By virtue of the provisions of Section 35 of Article II of the Ohio Constitution, limiting the benefits of workmen's compensation insurance to workmen and their dependents, and by virtue of the provisions of Section 1465-72, General Code, limiting payments to injured employes and dependents of killed employes, and by virtue of Section 1465-88, General Code, providing that compensation before payment shall be exempt from claims of creditors and be payable only to employes or their dependents, and by virtue of Section 1465-86, General Code, conferring con-

tinuing jurisdiction upon the Industrial Commission and power to make modification or change of its findings and orders, an award of compensation from the state insurance fund, under Section 1465-82, General Code, to a wife living with her husband at the time of his death, is revocable, so that in the event of the death of such dependent, before all the installment payments of such award have been made, her personal representative is not entitled to receive the unpaid installments. * * * "

Although the precise problems confronting us here was not before the court in *State, ex rel. Hoper, Admr.,* v. *Industrial Commission,* 128 Ohio St. 105, there was decided the question whether the administrator of the estate of a deceased dependent may recover the compensation to which the dependent was entitled while living. It is significant that in answering the question in the affirmative recovery was limited to an award covering the period from the time of the death of the employee until the death of his dependent widow. *Hoper, supra,* followed *Crawford, supra,* by a decade.

We conclude, therefore, that:

1. When a workman dies as a result of an industrial accident survived by his wholly dependent mother with whom he was living, the estate of such mother upon her subsequent death can recover the weekly payments of an award made under Section 4123.59, Revised Code, for the period from the time of the death of the workman to the death of his dependent mother.

2. The Industrial Commission has the authority to terminate an award, even though such is made after the death of the dependent, before the payment of the minimum established by Section 4123.59 (D) (2), Revised Code.

The judgment of the Court of Common Pleas is reversed, and final judgment rendered for the defendant, appellant herein.

*Judgment reversed.*

LONG, P. J., and HILDEBRANT, J., concur.