68654. CAPPS et al. v. MULLEN et al.
(322 SE2d 297)

</center>

QUILLIAN, Presiding Judge.

The plaintiffs/appellants brought an action for the wrongful death of their daughter against the defendants/appellees. The claim alleged that the deceased daughter "left no surviving spouse or child" and that the plaintiffs as natural parents were entitled to bring this action.

The defendants filed an answer and a motion for summary judgment on the ground that the plaintiffs were not entitled to bring this action because the deceased was survived by her husband who had entered into a ceremonial marriage with her in 1976 which was undissolved. In support of the motion defendants introduced a copy of the marriage license between the deceased and Billy Herman Chamblee and an affidavit by Chamblee that although separated he and his wife were never divorced prior to her death.

In opposition to defendants' motion the plaintiffs offered an affidavit by the mother of the deceased which recited: "My daughter, Janet Loraine Rushton, admitted prior to her death that Billy Herman Chamblee had been married to someone else prior to his alleged marriage to Janet Loraine Rushton, and that he did not get a divorce from that previous marriage. This fact was also admitted to me by Billy Herman Chamblee.

Also offered by the plaintiffs was a copy of a divorce decree between the deceased and one William Herve Surrey which was entered on October 13, 1981, in Lowndes County, Mississippi and recited that the deceased and Surrey "were duly and legally married on or about December 22, 1980, in Panama City, Florida." In granting a divorce it was also noted that the deceased was a non-resident of Mississippi.

The trial judge, after hearing, granted the motion for summary judgment of the defendants, finding the plaintiffs were not entitled to bring this action. Appeal was taken from that judgment. *Held:*

1. OCGA § 19-7-1 (c) (1) and (2) provides: "In every case of the

homicide of a child, minor or sui juris, there shall be some party entitled to recover the full value of the life of the child, either as provided in this Code section or as provided in Chapter 4 of Title 51. If the deceased child does not leave a spouse or child, the right of recovery shall be in the parent or parents, if any, given such a right by this paragraph." Long prior to our Civil Practice Act, it was held that where an action was brought under the predecessor to our present OCGA § 19-7-1 in order to recover damages for the homicide of a child it was essential to allege in the petition that the child left no spouse or child surviving and without such allegation the petition was subject to dismissal on general demurrer. *Western & Atlantic R. v. Allgood*, 41 Ga. App. 484 (2) (153 SE 442); *Clements v. Pollard*, 53 Ga. App. 544 (1) (186 SE 587). Thus, while OCGA § 9-11-9 now places the onus on the defendant to contest the capacity of a party to bring an action, the survival of a spouse or child still would serve to defeat the parent's right to bring action for their child's wrongful death.

Therefore, although there was no specific negative averment in the answer as to plaintiff's lack of capacity, we do not find the defendants were precluded from raising the issue by motion for summary judgment.

2. Although the plaintiffs urge additional reasons why the grant of summary judgment was error, we prefer to ground our decision on a conflict in the proof offered.

We agree with defendants that the alleged statement by the deceased to her mother purportedly admitting that her husband had a prior undissolved marriage was clearly hearsay and would not serve to rebut the defendants' proof of the valid marriage. Nevertheless, on summary judgment we are bound to construe the proof of the party opposing the motion in a most favorable light. Therefore, the statements by the plaintiff mother after the hearsay recitation that "this fact was also admitted to me by Billy Herman Chamblee" would serve to rebut the defendants' proof and discredit Chamblee's statement as to a material issue — to wit as to the validity of his marriage to the deceased. That being true, summary judgment was not proper.

*Judgment reversed. Carley, J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED SEPTEMBER 12, 1984 —
REHEARING DENIED SEPTEMBER 28, 1984 ▮

*Joseph E. Cheeley III*, for appellants.
*Mark S. Gannon*, for appellees.