70075. FREEMAN DECORATING COMPANY et al.
v. SUBSEQUENT INJURY TRUST FUND.
(333 SE2d 204)

BENHAM, Judge.

We granted appellants' discretionary application to determine the entitlement of the Subsequent Injury Trust Fund to certain workers' compensation benefits following the death of a worker. After reviewing the record, we reverse the judgment rendered by the trial court.

The employee died on October 1, 1981, as a result of a heart attack arising out of and in the scope of his employment. His widow filed a claim for benefits and died before any action was taken on her

---

claim, having survived her husband for a period of 43 days. In December 1981, appellee Subsequent Injury Trust Fund ("Fund") filed a claim for any benefits due on the ground that there were "no dependents qualifying to receive dependency benefits" in this case. See OCGA § 34-9-358 (a). Following a hearing held in October 1983, the administrative law judge found the widow was a dependent within the meaning of the Workers' Compensation Act for the 43-day period she survived her husband. Based on this finding, the ALJ denied the Fund's claim, but refused to award the benefits to which the widow was entitled because a representative of her estate had not been made a party.

In a 2-1 decision, the State Board of Workers' Compensation affirmed the ALJ's award and found that the widow's estate had been represented before the ALJ. The board then proceeded to award to the widow's estate benefits of $115 per week for the 43-day period the widow survived her husband. The superior court, relying on *Zachery v. Royal Indem. Co.*, 80 Ga. App. 659 (56 SE2d 812) (1949), reversed the board's award. This appeal followed.

The trial court's and the Fund's reliance upon *Zachery* is misplaced. The *Zachery* court was concerned with a situation in which a primary beneficiary (i.e., a spouse) had survived the worker but had not filed an application for benefits. However, a secondary beneficiary (i.e., the worker's mother, who could show dependency upon the wage earner for a period of at least three months preceding the worker's death) had made a timely application. At the time of the decision in *Zachery*, the primary beneficiary was conclusively presumed dependent upon the deceased and therefore entitled to the benefits. But see *Ins. Co. of N. America v. Russell*, 246 Ga. 269 (271 SE2d 178) (1980). The *Zachery* court faced the dilemma of a situation in which a primary beneficiary had survived the decedent but had not filed a timely application for the benefits to which she was entitled. Was her inaction to preclude an award of benefits to the decedent's mother, who had filed a timely application? The *Zachery* court suggested that the State Board of Workers' Compensation defer action on a secondary beneficiary's application until the one-year statute of limitation had expired to see if any primary beneficiary filed a timely application. Id. at 663-664. The court's suggestion solved the *Zachery* problem since the hearing on the mother's claim had taken place over a year after the worker's death, and no primary beneficiary had filed an application. However, the court also stated that eligibility for the benefits was to be determined at the date of the hearing. While that language adequately fit the *Zachery* scheme of things, it was not necessary to the *Zachery* decision so long as the board adhered to the court's suggestion that hearings on claims from secondary beneficiaries be deferred until the expiration of the one-year statute of limitation for

filing claims. In the case at bar we are not concerned with a *Zachery*-type situation. Instead, there is only one primary beneficiary and she filed a timely claim for benefits. To apply the *Zachery* rationale to a case where only a primary beneficiary is involved penalizes, without reason, the primary beneficiary.

The *Zachery* solution also ignores the realities of everyday life and is at odds with the very purpose of the Workers' Compensation Act. "The policy of the [Workers'] Compensation Act, with respect to the payment of death benefits, is to provide a measure of compensation to persons suffering a direct loss of support because of the death of an employee as a result of his employment." *St. Paul-Mercury &c. Co. v. Robinson*, 88 Ga. App. 217, 219 (76 SE2d 512) (1953). Insistence upon a potential beneficiary surviving until the merits of a claim are adjudicated ignores the fact that, from the moment of the wage earner's death, the needs of the supported spouse are just as real as they were prior to the wage earner's death, and the survivor needs financial support, support which should emanate from the workers' compensation laws of this state. Id. See also *Williams v. Donovan*, 198 FSupp. 237 (E.D. La.) (1961).

Conditioning an award on survival until adjudication also gives a party the opportunity to profit from delay in administrative or judicial proceedings. *In re Carlson's Case*, 355 Mass. 131 (243 NE2d 181, 182) (1969). In the case at bar, the hearing on the widow's claim for death benefits took place over two years after the wage earner's death, and the board's award of benefits to the widow's estate was handed down nearly 33 months after the death of the supporting spouse. Making the hearing date critical to entitlement to benefits opens the entire system to abuse and manipulation. See *Parker v. Nat. Zinc Co.*, 406 P2d 493 (Okla.) (1965). "Sound public policy would frown upon a statutory interpretation which places a premium upon delay in administrative or judicial proceedings." *In re Carlson's Case*, supra at 182.

Finally, viewing the death benefits provision of the Workers' Compensation Act as a substitute remedy for a wrongful death action where the death of a worker is due to a compensable injury, we must conclude that survival until a hearing is held is inappropriate. If a widow dies during the pendency of her wrongful death action based on her husband's homicide, the action survives to her personal representative if there are no children. *Campbell v. Western & Atl. R.*, 57 Ga. App. 209 (1) (194 SE 927) (1938). See also OCGA § 9-2-41. In the same way, the estate of the sole potential beneficiary of workers' compensation death benefits should be allowed to continue a pending action and receive any award made.

The fact of eligibility of a primary beneficiary must be determined as of the date of the accident. Making this date the critical one

insofar as entitlement is concerned alleviates the financial concerns voiced above and removes the incentive a party might have to drag out proceedings for as long as possible in an effort to outlive the beneficiary. The eligibility language in *Zachery* is neither controlling nor convincing. The *Zachery* court had to devise a solution to a situation in which a secondary beneficiary sought benefits during the lifetime of a primary beneficiary, a situation far different from the one presently before us.

In light of the confusion it has caused, we must overrule that language in *Zachery* which calls for eligibility to be determined as of the date of the hearing on a claim for benefits. Eligibility is to be determined as of the date of the accident. Applying the law to the facts of the present case, we conclude that the board's findings and award were correct: the widow was a dependent under the Act from the date of her husband's death until the date of her own passing. The grant to the widow's estate of benefits for that 43-day period of time was not error. See *In re Estate of Pardiew*, 19 Ohio App. 2d 207 (250 NE2d 765) (1969); *Truck Trailer Sales &c. Co. v. Moore*, 244 Miss. 317 (141 S2d 541) (1962); *Warren v. Globe Indem.*, 216 La. 107 (43 S2d 234) (1949). The judgment of the trial court must be reversed.

*Judgment reversed. Deen, P. J., Birdsong, P. J., Carley, Sognier, Pope, and Beasley, JJ., concur. Banke, C. J., and McMurray, P. J., dissent.*

McMURRAY, Presiding Judge, dissenting.

Because I would affirm the decision of the trial court, I respectfully dissent. *Zachery v. Royal Indem. Co.*, 80 Ga. App. 659 (56 SE2d 812), leads me to the conclusion that the widow's estate was not entitled to compensation because the widow died after she filed a claim and before the hearing. In *Zachery*, a deceased employee's mother filed a claim for death benefits under the *workmen's* compensation law. The employee's widow failed to file a claim. The board awarded compensation to the mother and the employer/insurer appealed to the superior court which reversed the judgment of the board. This court ruled that the mother was entitled to receive the benefits, opining: "[W]hile the fact of dependency is determined as of the time of the accident, the fact of eligibility must be determined as of the date of hearing. For instance, both a mother and a widow may be dependent on the date of the accident. Both may file claims. In such circumstances, the widow at the time of the hearing is the one eligible for compensation. However, should the widow have died or remarried after she filed a claim and before such hearing, then and in that event the mother would be eligible for the compensation." *Zachery v. Royal Indem. Co.*, 80 Ga. App. 659, 662, supra.

The rule set forth in *Zachery* is clear: Eligibility for benefits must

be determined as of the date of the workers' compensation hearing. In my opinion, such a rule is consistent with the underlying remedial purpose of the workers' compensation law.

The workers' compensation system constitutes "a scheme of social protection which goes no further in nature, amount, or duration, than the necessities of that protection require." 1 Larson, Law of Workmen's Compensation, § 2.60. Thus, a workers' compensation death benefit, unlike tort compensation, is not a property right which survives in favor of heirs, it is an award designed to protect the employee's dependents from financial insecurity. See OCGA § 34-9-265 (b). It follows that a dependent should not be eligible to receive dependency benefits if she dies or remarries before the hearing. *Zachery v. Royal Indem. Co.*, 80 Ga. App. 659, supra.

With respect to the Subsequent Injury Trust Fund, OCGA § 34-9-358 (a) provides, in pertinent part: "Each insurer or self-insurer who in a compensable fatal case finds no dependents qualifying to receive dependency benefits shall pay into this fund one-half of the benefits which would have been payable to a dependent or dependents if one or more existed, or $10,000, whichever is less." Although the employee's widow may have been a dependent at the time of the accident, I would nevertheless rule that she was not eligible, i.e., she did not "qualify" to receive dependency benefits because she died prior to the hearing. *Zachery v. Royal Indem. Co.*, 80 Ga. App. 659, supra; OCGA § 34-9-358 (a). I would hold, therefore, that where, as here, an employee's widow files a claim for death benefits which is controverted by the employer/insurer and the widow dies before the claim is settled or a hearing is held, the widow is not a dependent "qualifying to receive dependency benefits" within the meaning of OCGA § 34-9-358 (a) and one-half of the benefits which would have been payable to the widow, or $10,000, whichever is less, should be paid to the Subsequent Injury Trust Fund.

I am authorized to state that Chief Judge Banke joins in this dissent.

DECIDED JULY 9, 1985.

*H. P. Arnall, H. A. Stephens, Nicholas E. Bakatsas,* for appellants.

*Michael J. Bowers, Attorney General, Rita J. Llop, Senior Attorney,* for appellee.